## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEON WEINGRAD,** individually and on behalf of all others similarly situated, | Case No. 24-4716 |
| *Plaintiff*, | |
| *v.* | **JURY TRIAL DEMANDED** |
| **FUND MATE, LLC** | |
| **and** | |
| **MENACHEM MINSKY** | |
| *Defendants.* | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Leon Weingrad ("Plaintiff" or "Mr. Weingrad") brings this Complaint and Demand for Jury Trial against Defendants Fund Mate, LLC, and its owner Menachem Minsky ("Defendants" or "FundMate") and alleges as follows:

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations

was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive

telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone

solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive

telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any

outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-

call" registry, maintained by the Commission.')…Private suits can seek either monetary or

injunctive relief. *Id*…This private cause of action is a straightforward provision designed to

achieve a straightforward result. Congress enacted the law to protect against invasions of privacy

that were harming people.  The law empowers each person to protect his own personal rights.

Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those

persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace."

*Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      The Plaintiff brings this action to enforce the consumer-privacy provisions of the

TCPA alleging that FundMate violated the TCPA by making telemarketing calls to Plaintiff,

whose number is listed on the National Do Not Call Registry, without their written consent.

**PARTIES**

4.      Plaintiff Leon Weingrad is an individual residing in the Eastern District of

Pennsylvania.

5.      Defendant Fund Mate, LLC, which does business under the name FundMate, is a

voluntarily dissolved Florida corporation with its headquarters and principal place of business in

Lauderhill, FL.

6.      Defendant Menachem Minsky is the owner and managing director of Defendant

FundMate.

## JURISDICTION AND VENUE

7.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47

U.S.C. § 227 *et seq*.

8.      This Court has specific personal jurisdiction over Defendants because FundMate

and Minsky sell their loan products in this District and called and texted the Plaintiff at his 267-

area code number to attempt to sell him a loan.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at

issue were orchestrated into and sent to this District, and therefore a substantial part of the events

giving rise to the claim occurred in this District.

## BACKGROUND

**A.      The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

10.      The TCPA prohibits making multiple telemarketing calls to a residential

telephone number that has previously been registered on the National Do Not Call Registry. *See*

47 U.S.C. § 227(c)(5).

11.      The National Do Not Call Registry allows consumers to register their telephone

numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.

*See* 47 C.F.R. § 64.1200(c)(2).

12.      A listing on the National Do Not Call Registry "must be honored indefinitely, or

until the registration is cancelled by the consumer or the telephone number is removed by the

database administrator." *Id.*

13.      The TCPA and implementing regulations prohibit the initiation of telephone

solicitations to residential telephone subscribers on the Registry and provide a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

14.     The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

15.     At no point did the Plaintiff consent to receiving telemarketing calls from the Defendants prior to receiving the automated calls at issue.

16.     Plaintiff's telephone number, (267) XXX-XXXX, is a residential, non-commercial telephone number.

17.     Mr. Weingrad uses the number for personal, residential, and household reasons.

18.     Mr. Weingrad does not use the number for business reasons or business use.

19.     The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

20.     Plaintiff's telephone number has been listed on the National Do Not Call Registry since he listed it there more than a year prior to the calls at issue.

21.     Plaintiff has never been a customer of FundMate and never consented to receive calls or text messages from FundMate.

22.     Despite that fact, throughout August and September of 2024, the Plaintiff received at least one call and fifteen text messages from agents of FundMate who were attempting to sell him loans.

23.     The messages were all sent after Defendant Minsky voluntarily dissolved FundMate's LLC, in May of 2024, thereby voluntarily giving up any corporate protections which previously may have been afforded the LLC.

24.     Regardless, Defendant Minsky is personally liable for the following calls based on well established TCPA case law.

25.     Defendant Minsky personally directed and had his employees working for him personally (again, because the LLC was dissolved), to place calls and send text messages on his behalf.

26.     Defendant Minsky personally paid for the telephone services used to place the TCPA violative conduct at issue.

27.     Defendant Minsky may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*: "[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

28.     Minsky personally directed the TCPA-violative conduct at issue because he personally programmed and recorded the messages for the system which sent the prerecorded message which violated the TCPA, personally attempted to sell the loans being advertised, and personally paid for and programmed the requisite systems required to make the calls.

29.     Minsky was also the individual responsible for drafting, setting, implementing, and controlling Sutton's marketing strategy, including the use of illegal automated prerecorded calls and the scripting for such calls, as well as personally voicing them.

30.     The foregoing facts demonstrate that Minsky had direct, personal knowledge of and participation in the conduct and course of conduct complained of which violated the TCPA.

31.     Specifically, on August 19, 2024, the Plaintiff received an unsolicited text message from the caller ID 954-903-0416, from "Hunter Gibson" a "senior qualifications executive at FMC," seeking to sell him loans.

32.     "Hunter Gibson" later admitted the FMC was an alias for the Defendants.

33.     "Hunter Gibson" then sent the Plaintiff a link to a JotForm loan application as well as other text messages in furtherance of attempting to sell the Plaintiff a loan, all without the Plaintiff asking for the same in any way:



34.     The calls and text messages continued, including an August 22 call from 385-501-1213, from an agent identifying themselves as calling from FundMate, and during which the Plaintiff made no indicators of interest. Upon information and belief, this is a Google Voice number registered in Defendant Minsky's name.

35.     The text messages continued, including two text messages from 754-219-9660 on August 30, 2024, from "Sophie" also soliciting a loan. "Sophie" confirmed that she was texting from FundMate.

36.     The calls and text messages continue, including as recently as September 4, 2024, meaning that there is a continuous, actual, and imminent risk of future harm to Plaintiff if an injunction stopping this conduct is not issued.

37.     All the calls and text messages were sent to attempt to sell the Plaintiff loans.

38.     Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

39.     The calls were unwanted.

40.     The calls were nonconsensual encounters.

41.     Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls.

42.     Plaintiff never provided his consent or requested the calls.

6

43.     Plaintiff and the Class have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CAUSES OF ACTION
### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227

44.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

45.     It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

46.     Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff in a 12-month period, despite the person's registration of his telephone number on the National Do Not Call Registry.

47.     These violations were willful or knowing.

48.     As a result of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA's national do-not-call rule, Plaintiff is entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

49.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against

Defendants for:

A.      Damages to Plaintiff pursuant to 47 U.S.C. § 227(c)(5);

B.      Injunctive relief for Plaintiff, pursuant to 47 U.S.C. § 227(c)(5), preventing the Defendants from making calls to numbers listed on the National Do Not Call Registry and/or preventing the Defendants from making calls to numbers which have previously requested that the Defendants not call;

C.      Attorneys' fees and costs, as permitted by law; and

D.      Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.


RESPECTFULLY SUBMITTED AND DATED this 6th day of September, 2024.


*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com