### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEON WEINGRAD,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**FUND MATE, LLC**<br><br>**and**<br><br>**MENACHEM MINSKY**<br><br>*Defendants.* | Case No.<br>24-4716<br><br><br>**JURY TRIAL DEMANDED** |

### MOTION FOR CLARIFICATION

COMES NOW Plaintiff Leon Weingrad, by and through the undersigned counsel, and respectfully files this Motion for Clarification of the Court's January 14, 2025 order, denying his request for Clerk's Entry of Default without prejudice for failure to comply with Federal Rule of Civil Procedure 4(m), and requiring him to comply with Rule 4(m) within 14 days. (ECF No. 8).

Plaintiff respectfully requests that the Court more specifically identify any perceived deficiency so that it may be addressed, as the Plaintiff respectfully submits that he has complied with Rule 4(m), which requires, in pertinent part, for the Plaintiff to serve the Defendant "within 90 days after the complaint is filed." Here, the Docket reflects that the Complaint was filed on September 6, 2024. (ECF No. 1). Accordingly, Rule 4(m) required the Plaintiff to serve the Defendant before December 5, 2024, or 90 days after September 6, 2024. The Plaintiff attempted service at three addresses within the specified time frame, two of which were unsuccessful. (ECF Nos. 4, 5). The Plaintiff successfully effectuated service, under the provisions of New York law,

1

upon both Defendants, on November 15, 2024, within the time frame allotted under Rule 4(m). (ECF No. 3).

Moreover, to allay any potential concerns that the service here was at all improper, the service was made appropriately under the provisions of New York law for service of process. Federal Rule of Civil Procedure 4(e) governs the service of individuals like Minsky, and Rule 4(h) governs the service of corporations like Fund Mate, which Minsky owns. In pertinent part, the Rules provide a corporation may be served in the same manner as an individual, which includes personal service, service at one's home or registered agent, or by following state law in the state of service or the state where the action is pending. FED. R. CIV. P. 4(e)(1). Relevant state law, The New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") permits service on an individual by mail when personal service "cannot be made with due diligence" by affixing the documents to the door of the person's residence as well as mailing it to the person in an envelope bearing the legend "personal and confidential." N.Y. C.P.L.R. § 308(4). Moreover, service on a corporation may be effectuated through service to "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service" in the same manner as an individual. N.Y. C.P.L.R. § 311(1).

The affidavit filed in this action demonstrates that the Sheriff of Sillivan County made more than diligent attempts to personally serve the Defendants to justify the application of the alternative service provisions of New York law, and that those alternative service provisions were properly effectuated according to the letter of New York Law, as expected by the high office of the Sheriff. The Sheriff made seven attempts to serve the corporation and twelve attempts to serve Mr. Minsky personally at his home address, or nineteen attempts total, at all hours of the day, over the span of almost three months, including multiple attempts on the same

day. Moreover, the Plaintiff's attempts to serve the Defendant at two other possible addresses were unsuccessful because the Defendant does not live at those addresses but does appear to live at the 234 Lake Shore Drive address. (ECF Nos. 4, 5). Accordingly, the Plaintiff has constructively served both Mr. Minsky and Fund Mate under the provisions of New York law, as permitted by following state law for the state in which service is made under Rules 4(e) and 4(h) of the Federal Rules of Civil Procedure.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Plaintiff respectfully requests that the Court hold that service was properly effectuated, including under Rule 4(m), and direct the Clerk to enter the Defendants' default accordingly, or more specifically clarify its order so that any perceived issue may be rectified.

RESPECTFULLY SUBMITTED AND DATED this 15th day of January, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

I further certify that I mailed a copy of the foregoing to:

Menachem Minsky
234 Lake Shore Drive
Monticello, NY 12701
Tracking Number: 00310903331480012945

and

Fund Mate LLC
234 Lake Shore Drive
Monticello, NY 12701
Tracking Number: 00310903331480012946

Dated: January 15, 2025

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com