IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD : | |
| *Plaintiff(s)* : | |
| : | |
| v. : | CIVIL NO. 24-4716 |
| : | |
| FUND MATE, LLC, et al. : | |
| *Defendant(s)* : | |

### ORDER

**AND NOW**, this 16th day of January 2025, upon consideration of Plaintiff's "Motion for Clarification" (Docket No. 9) and its request for the Court to "more specifically identify any perceived deficiency" in Plaintiff's Request for Default that was denied on January 14, 2025, it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED** to the extent it seeks clarification of this Court's January 14, 2025, Order. Plaintiff's Request was denied for the following reasons: First, Federal Rule of Civil Procedure 4(e) states that when serving an individual within a judicial district of the United States, service may be made by, *inter alia*, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Plaintiff claims that service upon Defendants in this matter was proper because it was performed in accordance with New York State law and performed upon Defendants by affixing a copy to the door of Defendants' location at 234 Lake Shore Drive Monticello, NY. Assuming, *arguendo*, that this service is proper under New York law, it is insufficient for the purposes of this case, as the Complaint in this matter states that Defendant FundMate, LLC is a "voluntarily dissolved Florida corporation with its headquarters and principal place of business in Lauderdale, Florida." (Docket No. 1, ¶ 5.) The Complaint further alleges that

Defendant Menachem Minsky is the "owner and managing director of FundMate." (Docket No. 1, ¶ 6.) Plaintiff's Complaint does not indicate that either defendant resides in New York. Therefore, his attempts to serve process upon Defendants pursuant to the rules of New York is invalid. Second, when serving a defendant, Federal Rule of Civil Procedure 4(c)(1) requires a copy of the complaint to be served with the summons. The affidavit of constructive service that Plaintiff filed in this matter (Docket No. 3) shows that the Sheriff of Sullivan County, NY served the "summons in a civil action, jury trial demanded, civil cover sheet, designation form" upon Defendants. (*Id.*) There is no indication that Plaintiff served a copy of the complaint with the summons..

                                **BY THE COURT:**

                                *s/Catherine Henry*
                                **CATHERINE HENRY, J.**