IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEON WEINGRAD,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **FUND MATE, LLC** <br><br> **and** <br><br> **MENACHEM MINSKY** <br><br> *Defendants.* | Case No. <br> 24-4716 <br><br><br> **JURY TRIAL DEMANDED** |

### MOTION AND BRIEF IN SUPPORT OF MOTION
### FOR LEAVE TO FILE AMENDED COMPLAINT
### AND EXTEND TIME FOR SERVICE PURSUANT TO RULE 4(m)

COMES NOW Plaintiff Leon Weingrad, by and through the undersigned counsel, and respectfully files this Motion for Leave to File an Amended Complaint and Extend Time for Service Pursuant to Rule 4(m). In support thereof, the Plaintiff respectfully relies on the memorandum of law incorporated herein and states as follows:

On January 14, 2025, the Court denied Plaintiff's request for Clerk's Entry of Default without prejudice. (ECF No. 8). The Court subsequently clarified its ruling on January 16, 2025. (ECF No. 10). In its Order, the court identified several deficiencies with service of process that were not readily apparent. In sum, the Court noted that the Complaint contained insufficient pleadings as to the nexus between Defendant Minsky, Fund Mate, LLC, and the state of New York, where the Sheriff effectuated constructive service, including because Plaintiff pled that Fund Mate was an administratively dissolved Florida entity.

1

FED. R. CIV. P. 4(m) governs the time to serve a summons. Under its explicit text, the Plaintiff must serve the defendant within 90 days after the complaint is filed. Should that time period expire, the Court *must* either dismiss the action without prejudice as to that Defendant *or* order that service be made "within a specified time." The Court also *must* extend the time for service "for an appropriate period" upon the Plaintiff's showing of good cause. For the reasons that follow, the circumstances of this case demonstrate a textbook showing of good cause as required by the Rule.

The Third Circuit's recent opinion in *Moore v. Walton* shows why this case is a textbook application for the "good cause" standard articulated in Rule 4(m), since, as explained below, the Sheriff made a clerical error in omitting the fact that it served the Complaint and because the Defendant has moved from Florida to New York. There, the Third Circuit affirmed the District Court's finding of good cause for failing to serve a defendant whose name was spelled incorrectly and where the plaintiff had made multiple attempts to straighten out the defendant's name, which was compounded by the defendant's "willful failure to provide assistance" in ascertaining the spelling of the name "until after the statute of limitations elapsed." 96 F.4th 616, 628 (3d Cir. 2024). The Third Circuit clarified that the "good cause" standard of Rule 4(m) is akin to an "excusable neglect" standard requiring the plaintiff to show only "good faith" and "some reasonable basis for noncompliance within the time specified in the rules." *Id.* at 627.

The Amended Complaint sought to be filed herein addresses those deficiencies, including by pleading that Minsky terminated Fund Mate, LLC in Florida and moved its operations to Monticello, New York, where Mr. Minsky resides and public records reveal he recently purchased property. The Amended Complaint further outlines multiple additional phone calls

that the Defendants placed since the initiation of this litigation, which justify repleading the Amended Complaint.

And as to the issues with the Sheriff's Return of Service, counsel for the Plaintiff sent all initiating documents, including the Summons, Complaint, Civil Cover Sheet, and designation form, to the Sheriff of Sullivan County. The Sheriff has confirmed that failure to indicate that it served the Complaint was a clerical error and is currently in the process of being corrected. However, out of an abundance of caution, and out of concern for the Defendants' due process rights, the Plaintiff also intends to re-serve the Amended Complaint, if leave to amend is granted and the time to serve extended, through the Sheriff again personally upon Mr. Minsky.

Here, no facts indicate that Plaintiff or the undersigned counsel were acting in bad faith. Indeed, as described above, the Plaintiff was unaware of the fact that Mr. Minsky had moved until he was unable to serve the Summons and Complaint in Florida and undertook skip tracing efforts to locate the Defendants. Moreover, the Plaintiff and undersigned counsel overlooked the fact that the Sheriffs' return of service contained an error and now seek to amend to correct both deficiencies, including seeking here issuance of a revised summons directed to the correct legal entity, Fund Mate LLC, a New York LLC. Thus, there was a reasonable basis for noncompliance within the time specified in the rules. Assuming that the motion would be granted, the Plaintiff will immediately move to timely serve the Amended Complaint no later than 90 days after the Clerk reissues summons.

Plaintiff respectfully further submits that leave to amend is not necessary under the circumstances here, as the Defendants have not filed an answer or other responsive pleading. FED. R. CIV. P. 15(a)(1)(B). Even so, the Court should "freely give leave" for the Plaintiff to do so. Under the circumstances here and procedural posture, amendment would not be futile, would

permit the Plaintiff to assert as yet- unpled claims for conduct that occurred after the filing of the Complaint, and proceed in due course to ensure the Defendants are properly named, served, and proceed accordingly. Moreover, as the Plaintiff has served the Defendants and the failure to reflect that the Complaint was served was a result of a clerical error, Plaintiff did not act in bad faith and the error was a result of good faith and excusable neglect.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Plaintiff respectfully requests that the Court grant leave for the Plaintiff to file the Amended Complaint as the operative Complaint in this matter, permit the Plaintiff 90 days to serve Defendants under Rule 4(m), and then proceed accordingly.

RESPECTFULLY SUBMITTED AND DATED this 27th day of January, 2025.

>  */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.
> PA Bar #333687
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

I further certify that I mailed a copy of the foregoing to:


Menachem Minsky
234 Lake Shore Drive
Monticello, NY 12701
Tracking Number: [to be provided]

and

Fund Mate LLC
234 Lake Shore Drive
Monticello, NY 12701
Tracking Number: [to be provided]



Dated: January 27, 2025


                                              */s/ Andrew Roman Perrong*
                                              Andrew Roman Perrong, Esq.
                                              PA Bar #333687
                                              Perrong Law LLC
                                              2657 Mount Carmel Avenue
                                              Glenside, Pennsylvania 19038
                                              Phone: 215-225-5529 (CALL-LAW)
                                              Facsimile: 888-329-0305
                                              a@perronglaw.com