IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEON WEINGRAD** | Case No. 24-4716 |
| *Plaintiff*, | |
| v. | **JURY TRIAL DEMANDED** |
| **FUND MATE LLC** | |
| **and** | |
| **MENACHEM MINSKY** | |
| *Defendants.* | |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Leon Weingrad ("Plaintiff" or "Mr. Weingrad") brings this Complaint and Demand for Jury Trial against Defendants Fund Mate LLC, and its owner Menachem Minsky ("Defendants" or "FundMate") and alleges as follows:

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that FundMate violated the TCPA by making telemarketing calls to Plaintiff, whose number is listed on the National Do Not Call Registry, without his written consent.

## PARTIES

4. Plaintiff Leon Weingrad is an individual with a 267- area code number.

5. Defendant Fund Mate LLC, which does business under the name FundMate, is, and, at all times relevant, was, a New York corporation with its headquarters and principal place of business in Monticello New York.

6. Defendant Menachem Minsky is the owner and managing director of Defendant FundMate who resides in New York.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. This Court has specific personal jurisdiction over Defendants because FundMate and Minsky sell their loan products in this District and called and texted the Plaintiff at his 267- area code number to attempt to sell him a loan. Moreover, Defendant used 215 and 267 area code numbers to contact Plaintiff.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were orchestrated into and sent to this District, and therefore a substantial part of the events giving rise to the claim occurred in this District.

## BACKGROUND

**A.     The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

10. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

14. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

15. At no point did the Plaintiff consent to receiving telemarketing calls from the Defendants prior to receiving the automated calls at issue.

16. Plaintiff's telephone number, (267) XXX-XXXX, is a residential, non-commercial telephone number.

17. Mr. Weingrad uses the number for personal, residential, and household reasons.

18. Mr. Weingrad does not use the number for business reasons or business use.

19. The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

20. Plaintiff's telephone number has been listed on the National Do Not Call Registry since he listed it there more than a year prior to the calls at issue.

21. Plaintiff has never been a customer of FundMate and never consented to receive calls or text messages from FundMate.

22. Despite that fact, throughout August and September of 2024, and continuing through the pendency of this litigation, the Plaintiff received at least seven calls and thirty-two text messages from agents of FundMate who were attempting to sell him loans.

23. The calls and text messages all came from various caller IDs, including 954-740-6321, 954-740-6105, 954-903-0416, 754-219-9660, 385-501-1213, 445-323-7109, 445-323-7588, 445-201-9878, 267-946-8598, and 215-484-3705.

24. The messages were all sent after Defendant Minsky voluntarily dissolved FundMate LLC in Florida in May of 2024, and after Minsky started FundMate LLC in New York.

25. Upon information and belief, Minsky did so because he moved to New York.

26. Regardless, Defendant Minsky is personally liable for the following calls based on well established TCPA case law, including because he sent some of the calls and messages himself, including during the pendency of this litigation and after he was served, as outlined above.

27. Defendant Minsky personally directed and had his employees working for him personally to place calls and send text messages on his behalf.

28. As evidenced above, Mr. Minsky appears to have personally sent the calls and text messages that originated from at least one number, the 954-740-6321 number.

29. Defendant Minsky personally paid for the telephone services used to place the TCPA violative conduct at issue.

30. Defendant Minsky may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*: "[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

31. Minsky personally directed the TCPA-violative conduct at issue because he personally programmed and recorded the messages for the system which sent the text messages which violated the TCPA, personally attempted to sell the loans being advertised, and personally paid for and programmed the requisite systems required to make the calls.

32. Minsky was also the individual responsible for drafting, setting, implementing, and controlling FundMate's marketing strategy, including the use of illegal calls and text messages and the scripting for such calls and messages, as well as personally sending them.

33. The foregoing facts demonstrate that Minsky had direct, personal knowledge of and participation in the conduct and course of conduct complained of which violated the TCPA.

34. Specifically, on August 19, 2024, the Plaintiff received an unsolicited text message from the caller ID 954-903-0416, from "Hunter Gibson" a "senior qualifications executive at FMC," seeking to sell him loans.

35. "Hunter Gibson" later admitted the FMC was an alias for the Defendants.

36. "Hunter Gibson" then sent the Plaintiff a link to a JotForm loan application as well as other text messages in furtherance of attempting to sell the Plaintiff a loan, all without the Plaintiff asking for the same in any way:



**FUNDMATE FUNDING APPLICATION**

W: fundmatellc.com
P : (800) 723 1691

There are no obligations/Fees associated with an Approval.

37. The calls and text messages continued, including an August 22 call from 385-501-1213, from an agent identifying themselves as calling from FundMate, and during which the Plaintiff made no indicators of interest. Upon information and belief, this is a Google Voice number registered in Defendant Minsky's name.

38. The text messages continued, including two text messages from 754-219-9660 on August 30, 2024, from "Sophie" also soliciting a loan. "Sophie" confirmed that she was texting from FundMate.

39. The calls and text messages continued, including as recently as January of this year, meaning that there is a continuous, actual, and imminent risk of future harm to Plaintiff if an injunction stopping this conduct is not issued.

40. For example, the Plaintiff received the following messages on October 7, 2024, after this litigation had commenced, noting repeatedly to stop calling:

6



**FUNDMATE FUNDING APPLICATION**
form.jotform.com

Today 12:50 PM

Leon,

Hope you had a great weekend!
I am here for you if you feel like funding can be helpful at this point.
Would a Line of credit be something that you would be interested in?

I've repeatedly ask you to stop calling and texting and yet you continue.

41. Indeed, after the October 7, 2024 message, the Plaintiff received another message on October 28, 2024 from the same 954-740-6321 number which identified as "Manny" from "Fundmate capital." Upon information and belief, this message was sent by Defendant Minsky:

> Today 8:43 AM
>
> Leon,
>
> Hi, I am Manny from Fundmate capital. We are direct lenders with inhouse funding
> If your looking for Funding today
> Don't look any further
> I can fund you today without any excuses
> how much capital are you looking for today?

42. The calls and text messages further continued into the New Year, including calls on December 5, December 11, and December 12, 2024, as well as January 6, 2025.

43. All the calls and text messages were sent to attempt to sell the Plaintiff loans.

44. Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

45. The calls were unwanted.

46. The calls were nonconsensual encounters.

47. In fact, as evidenced above, the Plaintiff sued the Defendants, requested that the calls stop, and they did not stop.

48. Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls.

49. Plaintiff never provided his consent or requested the calls.

50. Plaintiff has been harmed by the acts of Defendant because his privacy has been violated and he was annoyed and harassed. In addition, the calls occupied Plaintiff's telephone line, storage space, and bandwidth, rendering it unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CAUSES OF ACTION
### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227

51. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

52. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

53. It is also a violation of the TCPA to initiate any telephone solicitation to a telephone number that has requested that the calls stop. 47 C.F.R. 64.1200(d)(3).

54. Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff in a 12-month period, despite the person's registration of his telephone number on the National Do Not Call Registry, and in calling the Plaintiff after he asked them to stop.

55. These violations were willful or knowing.

56. As a result of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA's national do-not-call rule and

internal do-not-call rule, Plaintiff is entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

57. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants for:

A. Damages to Plaintiff pursuant to 47 U.S.C. § 227(c)(5);

B. Injunctive relief for Plaintiff, pursuant to 47 U.S.C. § 227(c)(5), preventing the Defendants from making calls to numbers listed on the National Do Not Call Registry and/or preventing the Defendants from making calls to numbers which have previously requested that the Defendants not call;

C. Attorneys' fees and costs, as permitted by law; and

D. Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 29th day of January, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com