IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEON WEINGRAD, et al.   :
                             :   Civil Case No. 2:24-CIV-4716
   vs.                    :
                             :
FUND MATE, LLC         :
   *and*                  :
MENACHEM MINSKY   :

### Brief in support of defendant Minsky's Rule 12.(b)(5) Motion

*Facts:*

Plaintiff brought this civil action against parties located in a foreign jurisdiction in early September 2024. On April 23rd of this year a New York State resident subscribed to an Affidavit of Substitute Service on defendant Minsky.

This affiant claimed to have left service of process with his purported "Care Taker" at his 'known residence'. Minsky denies this attempted service was lawfully made upon him for reasons set out in his own Affidavit filed with the court on May 18th of this year.

*Issues at Bar:*

1. Where the process-server is mistaken as to the authority of the person ostensibly served; incorrectly states his 'knowledge' of defendant's address; and further states that defendant Limited Liability Company was not in the Military Service, is proper service made under the federal procedural rules?
Suggested response: *No*

2. Where an individual defendant timely files a Rule 12.(b)(5) motion and supports it the with an affidavit of facts, is this a sufficient evidentiary basis on which to decide the motion?  Suggested response: *Yes*

3. Must this Court dismiss a civil complaint over 240 days from its filing where plaintiff has failed to properly serve process thereof on defendants?
Suggested response: *Yes*

*Discussion:*

1. The Return of Service fails.

The Federal Rules of Civil Procedure provide in part that an individual may be served in a judicial district of the United States by delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process. Rule 4.(e)(2)(C). The specific civil procedural rules of the state will govern the propriety of the service of process.

In New York state, the procedural Rule requires:

(a) Generally. Proof of service shall specify the papers served, the person who was served and the date, time, address, or, in the event there is no address, place and manner of service, and set forth facts showing that the service was made by an authorized person and in an authorized manner.

(b) Personal service. Whenever service is made pursuant to this article by delivery of the summons to an individual, proof of service shall also include, in addition to any other requirement, a description of the person to whom it was so delivered, including, but not limited to, the process server's perception of the person's: gender, race, hair color, approximate age, approximate weight and height, and other identifying features.

NY CLS CPLR R 306, Rule 306. Proof of service.

At Bar, plaintiff suggests that proper service on defendant Minsky was accomplished by: "ALTERNATE PERSON (served)  By delivering to and leaving with Paulina Romanska the Care Taker to the defendant a true copy thereof… Said address was the Known (sic) of the defendant." The affiant further suggests that the defendant Limited Liability Company was – somehow – not currently serving in our military services. See, Affidavit filed May 6, 2025. No suggestion of the basis for these conclusions is either set out or documented.

In response, defendant Minsky filed his personal affidavit affirming that: I do not reside in the New York state community in Monticello, New York at which the stated Unit 31 is located; I do not have a "Care Taker", either the named Ms. Romanska or anyone else; Ms. Romanska is known by me to be employed directly by the Monticello, New York residential community in which Unit 31 is located as a 'property manager' to the entirety of these residences; Ms. Romanska has no affiliation – be it personal or professional – in any manner with either me or any of my relations at this Unit 31, located at Monticello, New York; I have never appointed Ms. Romanska as my 'authorized agent' for the purpose of receiving the service of process; and that it is erroneous for anyone to state under an Oath that this Monticello, New York property is – or ever was – my 'known address' for any purpose whatsoever. See, Affidavit filed May 18, 2025.

A person surely knows where they reside just as 'they know their own name'.  *A. Lincoln*.

At Bar it appears plaintiff's process-server has created a set of facts to suit his purpose. Simply stating mere conclusions as to what someone at a multi-unit development truly does; how someone's residency is 'known'; whether that person is legally authorized to accept service are all facts to be provided when the individual subject to the process is not found.

The federal law as applied in Pennsylvania mandates that plaintiff now answer and deliver a proper factual record supporting his agent's assertions made in the Affidavit of Substitute Service on which he relies. "In resolving a motion under Rule 12(b)(5), the party making service has the burden of demonstrating its validity when an objection to service is made." *Gold Line, Inc. v. OurBus, Inc.*, 2022 U.S. Dist. LEXIS 198037 (M.D.Pa. 2022)

We suggest that this he cannot do. The complaint must now be dismissed under the Rules. See #3, below.

2. Testamentary Evidence on a Motion may be taken by Affidavit.

    This Court may hear the facts in a motion on affidavit. Rule 43(c). Where affidavits in support of motions of this nature are not controverted, they are deemed admitted for the purpose of the motion. *Bucholz v. Hutton*, 153 F.Supp 62,66 (D.Mt. 1957)

3. This Court, by law, must now dismiss the Complaint at Bar.

    Rule 4.(m) provides in part, as follows: TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

    Over eight (8) months – or over 240 days – have passed since the complaint at bar was filed with this Court.

    Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may move to dismiss when a plaintiff fails to effectuate proper service. "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Gold Line, Inc. v. OurBus, Inc.*, 2022 U.S. Dist. LEXIS 198037 (M.D.Pa. 2022)

    Respectfully submitted,

    *scott miller*

    _____

    Scott E. Miller, Esquire
    P.O. Box 812
    Blue Bell, PA  19422
    I.D. No. 25359
    (215) 813-9785

May 20, 2025