IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEON WEINGRAD**<br><br>*Plaintiff*,<br><br>v.<br><br>**FUND MATE LLC**<br><br>and<br><br>**MENACHEM MINSKY**<br><br>*Defendants.* | Case No.<br>24-4716<br><br><br><br>**JURY TRIAL DEMANDED** |

### MEMORANDUM IN OPPOSITION TO DEFENDANT MENACHEM MINSKY'S MOTION TO DISMISS

The Defendant Menachem Minsky's Motion to Dismiss should be denied because the Plaintiff properly effected service of process in accordance with Rule 4(e) and (m) of the Federal Rules of Civil Procedure. Though the Defendant did not specifically argue this in his motion, to the extent the Court construes his motion as a motion to dismiss the complaint under Rule 12(b)(5), the Plaintiff would oppose that motion as Rule 4(m) and all other applicable rules regarding service of process were complied with.

### FACTUAL BACKGROUND

Plaintiff filed this Complaint against Defendant Menachem Minsky on September 6, 2024 (ECF 1). On September 9, 2024, the Clerk issued summons against Defendant Minsky. (ECF 2). Thus, under Rule 4(m), the Plaintiff was 90 days after September 6, 2024, or December 5, 2024. Shortly before that time expired, on November 15, 2024, the Plaintiff's process server, a deputy of the Sheriff of Sullivan County, Wayne Melvin, executed alternative service on Mr. Minsky. (ECF No. 3, 22). As will be addressed below, service on Mr. Minsky was

unquestionably proper and Mr. Minsky was served on November 15, 2024. Thereafter, the Plaintiff filed his Amended Complaint on January 29, 2025 which, because Mr. Minsky had already been served, he had "14 days after service of the amended pleading" to respond to it, but did *nothing* for several months. FED. R. CIV. P. 15(a)(3). Notably, the Court also permitted the Plaintiff another 90 days under Rule 4(m) to serve the Amended Complaint on Fund Mate, LLC, and such service was accomplished on April 23, 2025, within the renewed 90-day period ordered by the Court. (ECF No. 12). Defendant Minsky now ignores the fact he is in default and seeks to dismiss based on purported service deficiencies. This response follows.

## LEGAL STANDARD

A Rule 12(b)(5) motion challenges the sufficiency of the service of process. When service is challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4. *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.3d 478, 488 (3d Cir. 1993). However, Courts favor resolving cases on the merits and will often permit plaintiffs to cure defects in service rather than dismissing the case outright. *Sampath v. Concurrent Techs. Corp*, 227 F.R.D. 399, 401 (W.D. Pa. 2005).

## ARGUMENT

1. <u>The Plaintiff Effected Proper Service of the Defendant Minsky Under Rule 4(e)</u>

Defendant Minsky was properly served. Federal Rule of Civil Procedure 4(e) allows service by: 1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or 2) doing any of the following: A) delivering a copy of the summons and of the complaint to the individual personally; B) leaving a copy of each at the individual's dwelling or usual place of

abode with someone of suitable age and discretion who resides there; or C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Here, Rule 4(e) was complied with and the Defendant was substitute served at his home despite his uncooperative behavior and attempt to evade service. This is reflected in the return of service filed of record at ECF No. 3, and the amended return filed of record at ECF No. 22, owing to the failure of the original return to note that the summons *and* complaint were served. Federal Rule of Civil Procedure 4(e) governs the service of individuals like Minsky. As the attached Exhibit A indicates, Mr. Minsky owns the 234 Lake Shore Drive property in Monticello, NY. Mr. Minsky was duly served, through posting, by the Sheriff of Sullivan County at his residence after the Sheriff visited the address on twelve occasions throughout September, October, and November of 2024.

This constitutes valid service under Federal Rule of Civil Procedure 4(e)(1). The relevant provisions of New York law, The New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") permits service on an individual by mail when personal service "cannot be made with due diligence" by affixing the documents to the door of the person's residence as well as mailing it to the person in an envelope bearing the legend "personal and confidential." N.Y. C.P.L.R. § 308(4). This is precisely what Plaintiff's process server did, and as such, service was properly effectuated as to Mr. Minsky on November 15, 2024.

Nor can the Court credit Mr. Minsky's affidavit. Mr. Minsky *does not deny* that he owns and resides at the 234 Lake Shore Drive property. Rather, he denies living at Fund Mate's *office* address, 87 Rose Valley Rd., Unit 31, Monticello, NY 12701. And critically, Mr. Minsky's affidavit is not competent because it is notable for what it *does not* say: it does not deny that Mr. Minsky lives at 234 Lake Shore Drive, that he owns 234 Lake Shore Drive, or even state his

address where he can be served. As such, the Plaintiff has met his burden of demonstrating that service on Mr. Minsky was proper.

2. <u>The Motion is Procedurally Defective</u>

Moreover, Defendant Menachem Minsky's motion is defective for at least two reasons, and should be denied because the arguments on which they are premised are of no import. *First*, Minsky challenges the propriety of service under Rule 4(m). However, the service upon Minsky was facially valid upon Rule 4(m) because Minsky was served on November 15, 2024, before the expiration of the original 90 day period. In any event, the Court also granted leave to serve Fund Mate within another 90 days, which was likewise complied with. The time to serve the Complaint and Amended Complaint, including under Rule 4(m), had not expired when both were first served.

*Second*, Minsky challenges the propriety of service on Fund Mate via an affidavit that he files in his own motion, seeking to dismiss the claim against him personally. It is thus unclear as to why Minsky appears to challenge this service as service on *him personally*, when the return of service he takes issue with is the return directed to the corporation. The subject affidavit, in which the Plaintiff served the caretaker of Fund Mate's office, plainly served *Fund Mate, LLC*, and not Mr. Minsky in his personal capacity. The former is filed of record at ECF No. 15; the latter at ECF Nos. 3 and 22.  In any event, this Court should disregard Mr. Minsky's affidavit as it pertains to service on Fund Mate. As the document attached herein as Exhibit B demonstrates, the registered office address for Fund Mate LLC is the same address that the Sheriff of Sullivan County served - 87 Rose Valley Rd., Unit 31, Monticello, NY 12701.

As such, service on Fund Mate LLC on April 23, 2025 was also proper. Rule 4(h) governs the service of corporations like Fund Mate. In pertinent part, the Rules provide a corporation

may be served in the same manner as an individual, which includes personal service, service at one's home or registered agent, or by following state law in the state of service or the state where the action is pending. FED. R. CIV. P. 4(e)(1). Relevant state law, PA. R.C.P. 424 provides that "service of original process upon a corporation or similar entity shall be made by handing a copy to . . . the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity." Here, the office caretaker, Paulina Romanska, accepted service of process on behalf of the LLC. Fund Mate LLC was therefore served (at latest) on May 6, 2025 and has not filed an answer.

3. <u>Even if Service Were Defective, Dismissal is Not Warranted.</u>

If the Court finds that service was defective, dismissal is not warranted. Under Rule 4(m) the court must extend the time for service if the plaintiff shows "good cause." Likewise, courts have discretion to permit alternative service through regular or registered mail, *nunc pro tunc*. *Marks v. Alfa Grp.*, 615 F. Supp. 2d 375, 380 (E.D. Pa. 2009); *Aussieker v. Aghazadeh*, No. 2:25-cv-0888 TLN AC, 2025 U.S. Dist. LEXIS 104387, at *8 (E.D. Cal. May 30, 2025). Here, Plaintiff acted diligently and in good faith. There is no prejudice to the Defendant, who has actual notice of the action and has appeared through counsel. Thus, equity favors allowing plaintiff to cure the defect and serve the Defendant in the event service is held to be improper.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss should be denied. Alternatively, to the extent that the Court finds that service was not proper, the Court should permit the Plaintiff to attempt to re-serve the Defendant.

RESPECTFULLY SUBMITTED AND DATED this 9th day of June, 2025.

/s/ *Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

June 9, 2025

/s/ *Andrew Roman Perrong*
Andrew Roman Perrong, Esq.