**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEON WEINGRAD** | : | |
| ***Plaintiff*** | : | |
| | : | |
| **v.** | : | **CIVIL NO. 24-4716** |
| | : | |
| **FUND MATE, LLC, *et al.*** | : | |
| ***Defendants*** | : | |

# ORDER

**AND NOW**, this 19th day of November 2025, upon consideration of Defendant's Motion to Dismiss and Plaintiff's opposition thereto, it is hereby **ORDERED** that Defendant's Motion to Dismiss (Docket No. 18) is **DENIED**.[1]

---

[1] Plaintiff filed the Complaint in this matter on September 9, 2024. Summons was issued, and on November 15, 2024, a process server executed "alternative service" on Defendant Minsky pursuant to New York law by affixing a copy to Minsky's door at 234 Lake Shore Drive, Monticello, NY and mailing a copy to Minsky at that same address. Docket No. 3. This alternative service was completed after the process server made 7 unsuccessful attempts to personally serve Minsky at 234 Lake Shore Drive. *Id.* On June 8, 2025, an Amended Return of Service as to Defendant Minsky was filed, confirming that both the summons and complaint were served on Minsky on November 15, 2024, as the original return neglected to state that the complaint had been served along with the summons.

On January 8, 2025, an affidavit was filed stating that Plaintiff's process server was unable to serve Fund Mate, LLC at 6720 NW 44th Ct, Lauderhill, FL. Docket No. 4. On January 29, 2025, the Court entered an Order allowing Plaintiff to file an Amended Complaint that would be more specific regarding Defendants' ties to the State of New York. This Order also granted Plaintiff an additional 90 days to serve Fund Mate. Plaintiff filed a return of service on May 6, 2025, stating that he had served Defendant Fund Mate on April 23, 2025, by delivering a copy to the "caretaker" at Fund Mate's office located at 87 Rose Valley Road, Unit 31, Monticello, NY. Docket No. 15. On May 14, 2025, a Motion to Dismiss was filed by Defendant Minsky ONLY. Docket No. 16. To date, no counsel has entered their appearance nor filed any documents on behalf of Fund Mate. Plaintiff opposed Minsky's motion to dismiss, and for the reasons set forth below, the motion will be denied.

Federal Rule of Civil Procedure 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Minsky owns property located at 234 Lake Shore Drive in Monticello, NY (Docket No. 23, Ex. A) and New York law permits service on an individual when personal service "cannot be made with due diligence" by posting the documents to the door of the person's residence as well as mailing them to the person in an envelope that states "personal and confidential." N.Y. C.P.L.R. §308(4). This is exactly what the process service had to do in order to serve Minsky personally, as he visited Minsky's property at Lake Shore Drive on 7 separate occasions in October and November of 2024, and was unable

**BY THE COURT:**

/s/ Catherine Henry
**CATHERINE HENRY, J.**

---

to personally serve Minsky. Therefore, the server posted a copy to the door of the 234 Lake Shore Drive address and mailed a copy to that same address pursuant to N.Y. C.P.L.R. §308(4). Accordingly, service on Minsky was proper under New York and Federal law.

Minsky's motion to dismiss argues that the complaint should be dismissed due to untimely service under Federal Rule of Civil Procedure 4(m), which permits 90 days for service after the filing of a complaint. The Complaint in this matter was filed on September 6, 2024, and Defendant Minsky was served on November 15, 2024. As this is within the 90-day period permitted by Rule 4(m), service of the Complaint upon Defendant Minsky was timely.

Further, Minsky's motion seems to misunderstand which affidavit of service pertains to which defendant in this case. The pending Motion to Dismiss was filed by Minsky only, contained an affidavit by Minsky, and sought to dismiss only the claim against Minsky personally. Despite all this, the Motion then proceeds to argue the applicability of the facts set forth in the affidavit of service as to Fund Mate. Specifically, Minsky states that Paulina Romanska, who allegedly was the "caretaker" of Fund Mate at 87 Rose Valley Road, Unit 31 in Monticello, NY, is not Minsky's "caretaker," has no affiliation with Minsky or "any of his relations at the Unit 31," and that Minsky does not reside at the community located on 87 Rose Valley Road where Fund Mate was served. Minsky's Motion, Docket No. 18, p. 1; Affidavit of Minsky, Docket No. 17. The affidavit of service that contains facts as to Romanska and 87 Rose Valley Road clearly states that it served the relevant documents on Fund Mate, NOT Minsky. Docket No. 15. Accordingly, this argument is completely unpersuasive as to Minsky's motion to dismiss the claims against him personally, and said motion will be denied.