IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON WEINGRAD, et al. | : | |
| | : | Civil Case No. 2:24-CIV-4716 |
| vs. | : | |
| | : | |
| FUND MATE, LLC | : | [Assigned to Hon. Catherine Henry] |
| *and* | : | |
| MENACHEM MINSKY | : | |

Defense Rule 12(b)(6) Motion to Dismiss an Individually named Defendant from Plaintiff's Complaint and for other related relief

  NOW COME, defendants Fund Mate LLC ("*Fund Mate*" hereafter) and Menachem Minsky ("*Minsky*" hereafter) to move the Court to dismiss him from this action as an individual and for other related relief:

*Factual Statements*

1. The Amended Complaint was filed on January 29, 2025 seeking relief under the federal Telephone Consumer Protection Act ("TCPA").

2. This Court Denied Defendants' Rule 12b)5) Motion on November 19th.

3. Plaintiff makes the conclusory determination, without proper factual basis, that Defendants have acted with both 'willfulness and knowledge'.

4. Plaintiff does not aver that he attempted to advise Defendants that he had applied for or had obtained coverage in a registry to not call or text him at a personal telephone line.

5. The Amended Complaint does not allege that Defendants used an Automatic Telephone Dialing System in such contacts.

6. Plaintiff does not aver where he resides for venue pursues, merely asserting an area code.

7. Plaintiff and his counsel may be said to have through knowledge of the law pertaining to violations of the TCPA. *see*, attached schedule listing 31 separate cases filed by them together in the federal courts.

8. Defendant Fund Mate LLC ("Fund Mate") is stated in the Complaint to be a "corporation".

9. Under the law of its organization – New York state, "Neither a member of a limited liability company, a manager of a limited liability company managed by a manager or managers nor an agent of a limited liability company (including a person having more than one such capacity) is liable for any debts, obligations or liabilities of the limited liability company…" NY CLS LLC § 609 (a)

10. Paragraphs 26 through 32 of the Amended Complaint attempt to implicate Minsky as vicariously liable in this TCPA action by multiple conclusory statements of his supposed personal involvement in the alleged telephonic contacts.

11. Most indicative is ¶28, concluding that he "*appears* to have personally sent the calls…" Emphasis added.

12. Additionally, the Amended Complaint does not properly connect Defendant Minsky to the alleged calls or Texts.

13. Additionally, the Amended Complaint does not properly connect Defendant Minsky to the devices alleged in placing the stated calls or Texts.

14. Paragraphs 1 and 2 of the Amended Complaint are merely an extensive attempt to explain to this Court the reasoning of applicable law.

15. Count I of the Complaint only requests that plaintiff be compensated in accordance with his individualized stated 'injuries'.

16. The Amended Complaint does not allege that Defendants "knew that their conduct in fact did violate the TCPA" – if such conduct was even in violation thereof. see, *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 899 (W.D. Tex. 2001)

17. The Amended Complaint does not allege that Plaintiff had "repeatedly told (Defendants) not to call his cell phone and (they) nonetheless continued to do so…" *Watkins v. Wells Fargo Bank, N.A.*, 2017 U.S. Dist. LEXIS 84503, (D.N.J. June 2, 2017)

18. Plaintiff's counsel has objected to Defendants' request to pursue a total settlement of his only claim stated in the Complaint as "Count I – For Violations of the TCPA". By email to this Court, he stated this is "a putative class action, (and) Plaintiff is not interested in an individual resolution at this time".

19. Plaintiff avers no action at Bar for a Class Action of his individualized claim.

20. The Prayer for Relief @ C. reveals counsel's desire to also claim counsel fees not authorized under the cited law at bar.

*Law applicable*

21. Rule 8.(a)(2) limits the statement of a Complaint to only: a short and plain statement of the claim showing that the pleader is entitled to relief.

22. Rule 12.b)6) provides that this Complaint may be challenged for "a failure to state a claim upon which relief can be granted".

23. The TCPA provides that 'an injured party thereunder may only obtain either their actual monetary loss or $500 per violation' barring proper grounds for a proven conduct "willfully or knowingly" done. 47 U.S.C. §277.

24. The TCPA allows for 'vicarious liability' for violations of the TCPA under certain circumstances.

25. However, the "absence of non-conclusory allegations … is a fatal flaw" in such assertions, was recently held against the same litigant and his counsel by Judge Kearney.

*Relief requested by Defendants*

26. That ¶¶ 1-2 be struck off of the Amended Complaint.

27. That Defendant Minsky be dismissed from this action.

28. That no enhanced damages treble damages be found in this action.

29. That Plaintiff's Prayer for Attorney's fees and costs be dismissed.

30. That this action be immediately referred to a magistrate judge for a Settlement Conference with the relief afforded under TCPA at subsection (3)(B).

WHEREFORE, Defendants request that they be accorded the requested relief as plead herein.

                                          Respectfully submitted,

                                        *scott miller*

                                        _____
                                        Scott E. Miller, Esquire
                                        P.O. Box 812
                                        Blue Bell, PA  19422
                                        I.D. No. 25359
                                        (215) 813-9785

December 8, 2025