IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON WEINGRAD, et al. | : | |
| | : | Civil Case No. 2:24-CIV-4716 |
| vs. | : | |
| | : | |
| FUND MATE, LLC | : | [Assigned to Hon. Catherine Henry] |
| *and* | : | |
| MENACHEM MINSKY | : | |

Brief on Legal Support for Defense Rule 12(b)(6) Motion

A.  *Rule 8.a)2) – Content of Complaint*

The opening paragraphs of this Amended Complaint attempt to set out plaintiff's understanding of the reasoning of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. As this Court is certainly knowledgeable there is no reason to presume otherwise with the recitations made.

This Rule clearly limits plaintiff to "a short and plain statement of the claim that the pleader is entitled to relief". For this reason, Paragraphs 1 and 2 must be struck off.

B.  *Rule 12.b)6) – Failure to State a Claim on which Relief can be Granted*

Neither plaintiff nor his counsel are strangers to this District Court[1]. In a recent case before Judge Kearney, defendants' Rule 12.b)6) motion found favor against them. See, *Weingrad v. Top Healthcare Options Ins. Agency Co.*, Civ. Action 23-5114.

In dismissing plaintiff's complaint, that Court at footnote 10 set forth in detail the legal grounds underpinning this analysis. This is now deemed as set forth at length for purposes of brevity. However, the fundamental prongs for consideration by a court are:

---

[1] It is a distinct possibility that this Plaintiff can be referenced now as a 'Professional Plaintiff'. See, *Stoops v. Wells Fargo Bank, N.A.,* 197 F.Supp.3d 782 (W.D.Pa. 2016)

- to test the sufficiency of the factual allegations in a complaint;
- if plaintiff is unable to plead enough facts to state a claim to resist to relief that is plausible on its face, the court should dismiss the complaint;
- a claim is facial facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged;
- a pleading that merely tenders naked assertions devoid of further factual enhancement is insufficient; and
- a court will disregard threadbare deep recitals of the elements of a cause of action, legal conclusions, and conclusory statements.

See also, *Oakwood Lab'y LLC v. Thanoo*, 999 F.3d 892 (3 Cir. 2021)

### I.  As to Menachem Minsky, an individual Defendant

Plaintiff states most conclusory that 'Defendant Minsky is personally liable' for all of the calls as alleged at Bar due to personally, directing employees; personally paid for the telephone service; "may be personally liable" under §217 of TPCA; because he programmed and recorded messages; and because he set and controlled the marketing strategy. ¶¶26 – 32.

None these statements have any factual support supplied.

Of particular moment is the averment that Mr. Minsky "appears to have personally sent" the calls offending to Plaintiff. ¶28.

All allegations made without a scintilla of any suggestion of factual evidence. Threadbare recitals, these certainly are.

He must be removed as a Defendant in this action.

### II.     As to an Enhanced Monetary Award

Continuing in a conclusionary style, plaintiff asserts defendants calls were made either 'willfully or knowingly' without explaining how.

Where such enhancement was found, the basis was clear-cut and reasonable:

Should this Plaintiff have "repeatedly told Wells Fargo not to call his cell phone and (Defendants) nonetheless continued to do so…" *Watkins v. Wells Fargo Bank, N.A.*, 2017 U.S.

Dist. LEXIS 84503, 2017 WL 2399086, (D.N.J. )  Or, Defendants may reasonably be said "knew their conduct in fact did violate the TCPA…" *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 899 (W.D. Tex. 2001)

No enhancement should be a part of Plaintiff's claim.

### III.    As to Counsel Fees & costs

Counsel finds no attorney fee provision embedded into the TCPA. Under Pennsylvania law, only the following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter: (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter; or (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith. 42 Pa.C.S. §§ 2503(7), (9).

These facts do not exist at Bar and no such fees should be awarded.

Respectfully submitted,

*scott miller*

_____
Scott E. Miller, Esquire