IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEON WEINGRAD,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **FUND MATE, LLC** <br><br> **and** <br><br> **MENACHEM MINSKY** <br><br> *Defendants*. | Case No. 24-4716 <br><br><br> **JURY TRIAL DEMANDED** |

## MOTION AND BRIEF IN SUPPORT OF MOTION
## FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

COMES NOW Plaintiff Leon Weingrad, by and through the undersigned counsel, and respectfully files this Motion for Leave to File a Second Amended Complaint. In support thereof, the Plaintiff respectfully relies on the memorandum of law incorporated herein and states as follows:

On January 14, 2025, the Court denied Plaintiff's request for Clerk's Entry of Default without prejudice. (ECF No. 8). The Court subsequently clarified its ruling on January 16, 2025. (ECF No. 10). In response to that Order, the Plaintiff sought leave to and filed a First Amended Complaint on January 29, 2025. (ECF Nos. 12, 13). Thereafter, Defendant Minsky (but not Defendant Fund Mate) appeared and filed a motion to dismiss based on improper service of process, which was denied. (ECF Nos. 16, 24). Thereafter, both Defendants Minsky and Fund Mate, LLC filed two additional improper serial motions to dismiss, ECF Nos. 25 and 26, on December 9, 2025.

1

These motions are procedurally improper for at least three reasons. First, with respect to both Defendants, both Defendants are still within a state of default, as such clerks' entries of default have not been lifted. As such, Defendants should have first sought leave of court to lift their respective entries of default. *D'Agostine v. United Hosp. Supply Corp.*, No. CIV.A. 96-168, 1996 WL 417266, at *2 (E.D. Pa. July 23, 1996). Second, the motions to dismiss are improper serial motions to dismiss. Rule 12(g)(2) prohibits serial motions to dismiss, which are waived under Rule 12(h)(1)(A) if they were omitted from an earlier motion. "A motion" (singular, not plural), must be made before pleading; "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED R. CIV P. 12(g)(2). But that's precisely what Defendants have done here, first filing a Rule 12(b)(5) motion, and now filing not one but *two* serial 12(b)(6) motions. Defendants filed two motions to dismiss, at ECF Nos. 25 and 26, with seemingly the exact same content. That brings us to Defendants' third deficiency. For that matter, Defendants also did not follow Local Rule 7.1(c), which requires contested motions to be accompanied by a supporting brief, not in a separate filing.

In any event, though the Plaintiff could move to strike Defendants' improper pleadings, the motions to dismiss raise points, including the erroneous omission of the class claims, which are easily rectified through amendment. That amendment would also give Defendants the opportunity to correct the deficiencies herein identified by mooting the Defendant's motions. And, were this case not in the procedural posture it is now, the Plaintiff would have had the opportunity to amend as of right under Rule 15(a)(1)(B), which is unavailable as Plaintiff used his one free amendment when Defendants were still in default.

Counsel for Defendants has seemingly refused consent to the instant amendment under Rule 15(a)(2), stating, in relevant part in a cryptically-worded email, "After leaving several messages for my clients I have not yet received a response. For me, I usually have little problem acceding to such a request. But no approve has been given to me. My sense is that after explaining that you merely want to improve plaintiff's case, while harming them there will be little interest. To protect yourself, you should plan to request a Rule 15 allowance."

Plaintiff respectfully further submits that leave to amend is not necessary under the circumstances here, as the Defendants have not filed an appropriate answer or other responsive pleading. FED. R. CIV. P. 15(a)(1)(B). Even so, the Court should "freely give leave" for the Plaintiff to do so. Under the circumstances here and procedural posture, amendment would not be futile, would permit the Plaintiff to rectify the deficiencies identified in Defendants' improper serial motion to dismiss, and proceed in due course. Moreover, as the omission of the class claims from the First Amended Complaint was a result of Deendants' default and inability to seek a class default, Plaintiff did not act in bad faith.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Plaintiff respectfully requests that the Court grant leave for the Plaintiff to file the Amended Complaint as the operative Complaint in this matter.

RESPECTFULLY SUBMITTED AND DATED this 22nd day of December, 2025.

/s/ *Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)

Facsimile: 888-329-0305
a@perronglaw.com

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: December 22, 2025

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com
