IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON WEINGRAD, et al. | : | |
| | : | Civil Case No. 2:24-CIV-4716 |
| vs. | : | |
| | : | |
| FUND MATE, LLC | : | [Assigned to Hon. Catherine Henry] |
| and | : | |
| MENACHEM MINSKY | : | |

Defense Objection to Plaintiff's 15(a)(2) Motion for Allowance of an Un-timely 2nd Amendment to a Complaint

NOW COME, defendants Fund Mate LLC ("*Fund Mate*" hereafter) and Menachem Minsky ("*Minsky*" hereafter) to move the Court to dis-allow plaintiff's motion to make a 2nd Amendment to his January 2025 Amended Complaint under the Telephone Consumer Protection Act ("*TCPA*") , for all of the following reasons:

*Factual Statements*

1. Plaintiff undertook this matter in September 2024 when his counsel filed a Complaint.

2. The complaint was amended as a matter of course on January 29, 2025.

3. The Amended Complaint requests the following as the only relief for his stated 'injuries' claimed under the Act: his *individualized damages* under the Act. see, stated Cause of Action; and WHEREFORE clause.

4. Plaintiff's request at Bar to further amend his Amended Complaint comes 11 months after this amended complaint was filed.

5. On November 24th, Defendants' counsel of limited representation requested by letter that the Court refer this case for a settlement conference appropriate to Plaintiff's claims made.

6. On December 2nd, plaintiff's counsel specifically replied by Email to the Court that "Plaintiff is not interested in an individual resolution at this time."

7. At all times plaintiff has only claimed for his individual 'injuries' under the Act.

8. To date, there is no relief claimed as owed under a Class Action nor any suggestion of likely identical claims so appropriate and clear under his case.

9. Plaintiff now applies to the Court to allow him a further amended complaint to make the following new claims: <u>Class Action</u> – with merely *pro forma* recitations presumptively averring the required objectives. see, proposed 2nd Amended Complaint

10. Both this plaintiff and his current counsel have brought over 31 separate cases under the TPCA in the immediate past 3 years, through December 1, 2025. see, Attached listing of only some of these filed federal court actions.

11. These cases all claim 'injuries sustained' for as few as one call or Text purportedly received by him. see, *Top Heathcare Options Ins. Agency Co.* @ Civ. Action 23-5114.

*Reasoned Deductions:*

12. This plaintiff is not interested in resolving his actual claimed 'injury' as provided by the federal law.

13. This is a Professional Plaintiff operating a business under the cover of a federal statute.

14. This Professional Plaintiff has demonstrated that he operates outside of the federal constitutional standing as envisioned by the Congress in crafting the TCPA. see, *Stoops, infra*

15. This plaintiff has a standard practice of wielding economic threats of Class Action pleadings against defendants in other matters to further his business as a Professional Plaintiff.

*Law applicable at Bar*

1. The Federal Civil Rules require that they "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 1.

2. This Court should deny the requested 2nd Amended Complaint as Plaintiff's application is not intended to carry-out "the just, speedy, and inexpensive determination of (this) action."

3. Fed.R.Civ.P. 15a)2) provides that: "a party may amend its pleading only with the opposing party's written consent or the court's leave."

4. At Bar, the opposing parties do not give consent for the reasoning as set forth herein.

5. This Court should deny the requested 2nd Amended Complaint, notwithstanding a presumption that "(t)he court should freely give leave when justice so requires." R.15a)2)

6. At Bar, justice requires this Court to deny the requested 2nd Amended Complaint.

7. This is likely a Professional Plaintiff who does not have the constitutional standing as required to continue his newly embraced business under the TCPA. *Stoops v. Wells Fargo Bank, N.A.*, 197 F.Supp 3rd 782, 796-797 (W.D. Pa. 2016)

8. This Court should deny the requested 2nd Amended Complaint as Plaintiff's request is solely made for his business as a Professional Plaintiff. *Stoops*

9. This Court should deny the requested 2nd Amended Complaint as Plaintiff's request is solely based on maximizing the revenues of his business as a Professional Plaintiff. *Stoops*

10. This Court should deny the requested 2nd Amended Complaint as Plaintiff's request is made in demonstrated bad faith. *Lake v. Arnold*, 232 F.3d 360, 373 -374 (3 Cir. 2000)

11. This Court should deny the requested 2nd Amended Complaint as Plaintiff's request is made with undue delay. *Lake*

12. This Court should deny the requested 2nd Amended Complaint as Plaintiff's request is made with prejudice to defendants. *Lake*

### *Relief Requested by Fund Mate & Minsky to Plaintiff's Application:*

A. That his motion for approval to further amend the pending Amended Complaint be Denied; *and*

B. That he be subject to a special discovery proceeding to determine whether this case should be Dismissed for his Professional Plaintiff activities and operation of a business outside of the federal jurisdiction of the TCPA.

   WHEREFORE, defendants request this Court to exercise its discretion and make an appropriate Order denying the further amendment of the Amended Complaint and determining whether this is a Professional Plaintiff entitled to have this case continue for the limited individualized 'injuries' as claimed by him in the Amended Complaint.

Respectfully submitted,

*Scott Miller*

_____
Scott E. Miller, Esquire,
for Defendants

dated: December 31, 2025