*1 | Page*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON WEINGRAD, et al. | : | |
| | : | Civil Case No. 2:24-CIV-4716 |
| vs. | : | |
| | : | |
| FUND MATE, LLC | : | [Assigned to Hon. Catherine Henry] |
| and | : | |
| MENACHEM MINSKY | : | |

Legal Memo in Support of Objection to Plaintiff's 15(a)(2) Motion for Allowance of an Un-timely 2nd Amendment to a Complaint

*Background:*

A seemingly Professional Plaintiff now requests an opportunity to cure his acknowledged 'errors' made eleven (11) months ago when amended his September 2024 complaint.

This error was substantive. He now has only his individualized claimed 'injuries' before the Court.

The sole change plaintiff proposes is to now re-cast his complaint into a Class-Action. This revision would prejudice defendants, as detailed below.

Of particular moment was his rejection of defendants' request to this Court in November 2025 for a Settlement Conference. Through the counsel who has represented him in over 30 other cases he brought in the last 3 years on identical claims, plaintiff rejected this as an agreeable resolution to him.

His reason? That this Court would have been limited to only addressing his individual claim made for an alleged 7 unwanted telephone calls and 32 Texts.

Defendants will not respond to plaintiff's attempt to rebuke them for his current predicament.

Where leave of the party opposite is not given, it is the Court that will exercise discretion whether to grant such leave to further amend. R.15a)2).

Defendants' suggest that this application must be denied as: *1*) plaintiff acts in bad faith; *2*) this application is un-timely; *3*) this application is in contravention of Rule 1; and *4*) this application is solely requested for enhancing revenues in his business as a Professional Plaintiff.

*Issues & Discussion:*

A. <u>Leave of Court, under R.15a)2)</u>

**Rule 15. Amended and Supplemental Pleadings**
**(a) AMENDMENTS BEFORE TRIAL. 2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.**

> "Under the Federal Rules of Civil Procedure, a plaintiff is entitled to amend h(is) claim once; courts may grant subsequent amendments "when justice so requires." Fed.R.Civ.P. 15(a). While this Rule also requires that leave to amend should be "freely given," a district court has the discretion to deny this request if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Lake v. Arnold*, 232 F.3d 360, 373 (3rd Cir. 2000)

    i.    Demonstrated Undue Delay by Plaintiff.

Our federal Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)

At Bar plaintiff is well over a year from commencing his action and 11 months since amending his complaint. This is clearly prejudicial to defendants, *infra*.

    ii.    Demonstrated Bad Faith by Plaintiff.

"Rule 15(a) places leave to amend 'within the sound discretion of the trial court. In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities.'" … Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading. *Entangled Media, LLC v. Dropbox Inc.,* 348 F.R.D. 649 (N.D.Ca. 2025)

At Bar, well over a year from commencing his action and 11 months since amending his complaint, defendants are prejudiced by the proposed 2nd Amended Complaint. For the first time, this likely Professional Plaintiff seeks to abandon his claimed individualized 'injuries' and instead become the 'champion' of an untold class action of additional parties.

Not only is this application unduly delayed, but it is also patently made in bad faith – causing extreme prejudice to your defendants. Until now, they were only contending with the stated limited individual claim by this litigant.

B. <u>Allowance would not comport with Rule.1</u>

Rule 1. Scope and Purpose
These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

see, *In re Polyurethane Foam Antitrust Litig.* 178 F. Supp. 3d 635, 646 (N.D.Oh. 2016) where the court cited Fed.Civ.R.P. 1. in admonishing parties objecting to case settlements "in pursuit of a payoff is not simply a detriment to the settling parties -- it is an insult to the judicial system." At Bar, Plaintiff also desires to increase his financial take despite the error or mistake in not properly pleading for a Class Action at least 11 months ago when the initial complaint was amended as by course under Rule 15a)2).

His application thus fails under this Rule.

C. <u>A Professional Plaintiff operating his business under a federal statute is not entitled to be considered as a person with constitutional standing</u>.

A pre-requisite to rightfully bringing a case in a federal court is that "Article III standing requires a concrete injury even in the context of a statutory violation." Where 'the plaintiff was a *professional plaintiff* and pursued TCPA claims as a source of income, she did not have standing to bring her claim'. *Stoops v. Wells Fargo Bank, N.A*., 197 F.Supp.3d 782, 797, 802-803 (W.D. Pa. 2016)

Although the plaintiff in this case has not yet been subjected to such examinations, the mere volume of his claims of 'injuries' from so varied a group and in so small a time rightly suggests these are of a piece in operating a business under the pretext of the TCPA. see, attached listing of only 31 of his most recent filings.

 This prong of defendants' argument may be set aside, and sole reliance placed on the above grounds A. and B., in this Court's consideration of this opposition. However, this issue should be considered in determining the nature of this case and in deciding the application at Bar.

        Respectfully submitted,

        *Scott Miller*
        _____
        Scott E. Miller, Esquire