IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEON WEINGRAD,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**FUND MATE, LLC**<br><br>**and**<br><br>**MENACHEM MINSKY**<br><br>*Defendants.* | Case No.<br>24-4716<br><br><br>**JURY TRIAL DEMANDED** |

**Plaintiff's Reply in Support of Motion for Leave to File a Second Amended Complaint**

Defendants' opposition asks the Court to do something Rule 15 does not require: deny leave to amend now, at the pleadings stage based on threadbare and undeveloped arguments that are, if anything, properly the subject of a motion for summary judgment, and in direct response to the very deficiencies on which Defendant moved to dismiss the Plaintiff's Amended Complaint. This is not to mention that Defendants' opposition is utterly bizarre and brings in irrelevant matters that are immaterial to the Rule 15(a) standard, which permits the Court to give leave to amend "freely." The proposed amendment rectifies the two key deficiencies identified in the Defendants' improper serial motion(s) to dismiss: the Amended Complaint pleads no class allegations, a pleading and drafting oversight, and does not sufficiently outline a basis for individual liability against Defendant Minsky, as well as additional allegations of willfulness. Notably, if Defendants had not defaulted and the Plaintiff had to file an Amended Complaint as an initial matter, Plaintiff would have had the right to file his first amendment to address the issues in Defendants' motion as of right. FED. R. CIV. P. 15(a)(1)(B).

1

In any event, the amendment that Plaintiff seeks is exactly the sort of amendment Rule 15 is meant to allow, early in the case (indeed, at the pleadings stage), before discovery, and without prejudice to Defendant. Defendant claims two forms of prejudice, but they are unavailing. First, Defendants fault the Plaintiff for *their own default in this action* and waiting for the Court's order on Minsky's first motion to dismiss.[1] And, then, when Minsky lost his first motion to dismiss, both Defendants impermissibly and seemingly filed two more motions to dismiss, all without seeking to vacate or lift the defaults entered against them. To call that undue delay on the Plaintiff's part flips that logic on its head. If anyone is causing undue delay, it is Defendants by impermissibly filing serial motions after their first motion was denied, and while still technically in a state of default.

Relatedly, it's unclear how amending the complaint at the pleadings stage to allege class action claims unduly prejudices the Defendants. To establish prejudice, "the nonmoving party must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *In re Charys Holding Co., Inc.*, 443 B.R. 638, 644 (Bankr. D. Del. 2011) (cleaned up). For example, this Court has found prejudice when a plaintiff filed a motion for leave to amend a month before the scheduled conclusion of discovery which would in any event necessitate a new wave of motions practice and pleadings, not to mention several additional years of discovery. *See Heraeus Med. GmbH v. Esschem, Inc.*, 321 F.R.D. 215, 218 (E.D. Pa. 2017). That is plainly not the case here, where the case is at the pleadings stage, and the Plaintiff would ordinarily have had the right to amend as of right.

---

[1] Indeed, as Plaintiff points out, neither Defendant sought to lift the defaults entered against them and both Defendants technically remain in a state of default. This is not to mention that Attorney Miller's pleadings make it unclear as to whether or not he even represents both Defendants.

An amendment motion is not the basis for arguing whether class certification is proper, nor is that a basis for a finding of prejudice. But that's precisely what Defendants do, asking the Court to pre-judge contested merits questions embedded in a separate motion, nor do they support denying leave where the amendment promotes efficient resolution of related claims in a single action, as a class action will unquestionably do. *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 659 (4th Cir. 2019) (noting that "the advantages of class resolution follow directly from the statute," which "creates a simple scheme" for resolving the problem of "repeated and unwanted telemarketing calls."); *see also Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386 (2012) (noting the superiority of class action TCPA litigation to individual litigation). Simply pleading to add unpled claims at the pleadings stage, especially class action claims which have advantages in terms of efficiency, are the touchstone of amendments permitted under Rule 15.

Plaintiff's unwillingness to mediate or settle this matter at the pleadings stage is no basis to deny amendment, either. That position is borderline frivolous. Though Rule 1 does promote the "fast, speedy, and inexpensive determination of every action and proceeding," that rule does not require the parties to settle or mediate cases at the pleadings stage, let alone at all. Were that the case, no case would ever go to trial and no matter would ever be "determined" in any manner. And Defendants' citation to *In re Polyurethane Foam Antitrust Litig.* is even further afield. All that case dealt with was whether it was appropriate to require class action settlement objectors to post an appeal bond when their frivolous objections were overruled. 178 F. Supp. 3d 635, 646 (N.D. Ohio 2016). It has nothing to do with refusing to settle a case, let alone at the pleadings stage. It also does not address the Rule 15 standard in any context at all.

Finally, Defendants simply make *ad hominem* arguments regarding the Plaintiff's perceived lack of standing to assert his claims and cite *Stoops v. Wells Fargo Bank, N.A.*, a case

decided at summary judgment where a court held that a woman who admitted that she carried around over 35 cell phones in a shoebox with her at all times was found not to have standing. 197 F. Supp. 3d 782, 788 (W.D. Pa. 2016). Defendant would have the Court believe that *Stoops*, which predates the litany of subsequent rulings clarifying not only its limited usefulness but also cases *specifically addressing similar plaintiffs' standing*, stands for the proposition: "no standing for repeat TCPA litigant." Of course it doesn't. *Stoops* has never been understood to stand for the proposition that a so-called "professional plaintiff," a loaded term with zero legal significance, lacks standing under the TCPA. In any event, arguments that may be made at summary judgment are no basis to deny amendment. Defendants simply invite the court to prejudge what will be a contested merits question at summary judgment and bootstrap the issue in an amendment motion. Rule 15 is not a vehicle for that kind of conditional, advisory adjudication.

Most importantly, denying leave here would force an inefficient, duplicative alternative. If Plaintiff is not permitted to amend his Complaint in this action, Plaintiff's only realistic option is to dismiss without prejudice as of right and refile again, alleging the very complaint he seeks to have in amendment, be forced to re-serve Defendants, and possibly go through yet another round of briefing on arguments regarding he propriety of service of process that this Court has already rejected. That is the opposite of judicial economy. Granting leave allows the parties and the Court to resolve closely related claims arising from the same conduct in one forum, on one schedule, with one discovery record, precisely what Rule 15's liberal amendment policy is designed to facilitate.

Given that leave would promote the efficient resolution of all claims, including related class claims in a single action, and address Defendants' motion to dismiss, leave should be granted.

4

RESPECTFULLY SUBMITTED AND DATED this 9th day of January, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: January 9, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com