## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>FUND MATE LLC,<br><br>and<br><br>MENACHEM MINSKY<br><br>*Defendants.* | Case No. 2:24-cv-04716 |

### DEFENDANTS FUND MATE LLC AND MENACHEM MINSKY'S
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
### SECOND AMENDED CLASS ACTION COMPLAINT

Defendants Fund Mate LLC and Menachem Minsky ("Defendants") submit this answer and affirmative defenses to Plaintiff Leon Weingrad ("Plaintiff") Second Class Action Complaint as follows:

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' id. § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id*. § 2(9).

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the law cited speaks for itself. Defendants deny any remaining allegations.

2.        "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. See id.; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. Id…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the law cited speaks for itself. Defendants deny any remaining allegations.

3.      The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that FundMate violated the TCPA by making telemarketing calls to Plaintiff, and other putative class members listed on the National Do Not Call Registry without their written consent, by making telemarketing calls without the accurate provision of Caller ID Name (CNAM), as well as calling people who had previously asked to no longer receive calls.

**ANSWER:** Defendants admit that Plaintiff purports to bring this action under the TCPA, but deny any wrongdoing, deny that Plaintiff and the putative class are entitled to any relief or have any cause of action against Defendants whatsoever, and deny any remaining allegations in this paragraph.

4.      A class action is the best means of obtaining redress for the Defendants' wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER:** Denied.

5.

**ANSWER:** Paragraph 5 of Plaintiff's Second Amended Complaint is blank and does not contain any words or allegations which Defendants can admit or deny.

## PARTIES

6.      Plaintiff Leon Weingrad is an individual with a 267- area code number.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

7.      Defendant Fund Mate LLC, which does business under the name FundMate, is, and, at all times relevant, was, a New York corporation with its headquarters and principal place of business in Monticello New York.

**ANSWER:** Admitted.

8.      Defendant Menachem Minsky is the owner and managing director of Defendant FundMate who resides in New York.

**ANSWER:** Admitted.

## JURISDICTION AND VENUE

9.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

10.      This Court has specific personal jurisdiction over Defendants because FundMate and Minsky sell their loan products in this District and called and texted the Plaintiff at his 267-area code number to attempt to sell him a loan. Moreover, Defendant used 215 and 267 area code numbers to contact Plaintiff.

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

11.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were orchestrated into and sent to this District, and therefore a substantial part of the events giving rise to the claim occurred in this District.

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

## BACKGROUND

**A.      The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

12.     The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the law cited speaks for itself. Defendants deny any remaining allegations.

13.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the regulation cited speaks for itself. Defendants deny any remaining allegations.

14.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the regulation cited speaks for itself. Defendants deny any remaining allegations.

15.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the law and regulation cited speak for itself. Defendants deny any remaining allegations.

**B.    The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.**

16.    The TCPA requires any "person or entity that engages in telemarketing" to transmit caller identification information." 47 C.F.R. § 64.1601(e).

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the law cited speaks for itself. Defendants deny any remaining allegations.

17.    The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47C.F.R. § 64.1601(e)(1).

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the regulation cited speaks for itself. Defendants deny any remaining allegations.

18.    A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the law cited speaks for itself. Defendants deny any remaining allegations.

## FACTUAL ALLEGATIONS

19.     The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

20.     At no point did the Plaintiff consent to receiving telemarketing calls from the Defendants prior to receiving the automated calls at issue.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

21.     Plaintiff's telephone number, (267) XXX-XXXX, is a residential, non-commercial telephone number.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

22.     Mr. Weingrad uses the number for personal, residential, and household reasons.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

23.     Mr. Weingrad does not use the number for business reasons or business use.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

24.     The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

25.     Plaintiff's telephone number has been listed on the National Do Not Call Registry since he listed it there more than a year prior to the calls at issue.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

26.     Plaintiff has never been a customer of FundMate and never consented to receive calls or text messages from FundMate.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

27.     Despite that fact, throughout August and September of 2024, and continuing through the pendency of this litigation, the Plaintiff received at least seven calls and thirty-two text messages from agents of FundMate, including Mr. Minsky his very self, who were attempting to sell him loans.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

28.     The calls and text message calls all came from the following numbers. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendant's calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results of those dips are as follows:

| Number | CNAM Available? | CNAM Result | Carrier |
|---|---|---|---|
| 9547406321 | Y | FT LAUDRDALE FL | Onvoy |

| 9547406105 | Y | FT LAUDRDALE FL | Onvoy |
| 9549030416 | Y | FT LAUDRDALE FL | Onvoy |
| 7542199660 | Y | HOLLYWOOD FL | Onvoy |
| 3855011213 | Y | SALT LAKE UT | Bandwidth |
| 4453237109 | Y | PRIVATE | Level 3 |
| 4453237588 | Y | PRIVATE | Level 3 |
| 4452019878 | Y | PRIVATE | Level 3 |
| 2679468598 | Y | PRIVATE | Level 3 |
| 2154843705 | Y | SOUDERTON PA | Onvoy |

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

29.    As the aforementioned chart shows, the CNAM transmitted by the Defendants' ultimate telephone carriers, provided CNAM functionality, but the CNAM functionality transmitted a geographic location and not the Defendant's name or telemarketer's name.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

30.    Each of the aforementioned carriers provides its customers the ability to set the CNAM result accurately to reflect their own name as desired, but if the customer does not elect such a CNAM, their default CNAM customer setting is to transmit the geographic location of the telephone exchange for the calling telephone number, and not the caller's name, as occurred here.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

31.     It is not possible to call any of these numbers back to lodge a Do Not Call request during regular business hours.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

32.     Indeed, the Plaintiff did so by attempting to make such requests, but such requests were dishonored because the Plaintiff continued to receive calls.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

33.     The messages were all sent after Defendant Minsky voluntarily dissolved FundMate LLC in Florida in May of 2024, and after Minsky started Fund Mate LLC in New York.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

34.     Upon information and belief, Minsky did so because he moved to New York.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

35.     Regardless, Defendant Minsky is personally liable for the following calls based on well established TCPA case law, including because he sent some of the calls and messages himself, including during the pendency of this litigation and after he was served, as outlined above.

**ANSWER:** Denied.

36.     Defendant Minsky personally directed and had his employees working for him personally to place calls and send text messages on his behalf.

**ANSWER:** Denied.

37.    As evidenced above, Mr. Minsky appears to have personally sent the calls and text messages that originated from at least one number, the 954-740-6321 number.

**ANSWER:** Denied.

38.    Defendant Minsky personally paid for the telephone services used to place the TCPA violative conduct at issue.

**ANSWER:** Denied.

39.    Defendant Minsky may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*: "[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

**ANSWER:** Denied.

40.    Minsky personally directed the TCPA-violative conduct at issue because he personally programmed and recorded the messages for the system which sent the text messages which violated the TCPA, personally attempted to sell the loans being advertised, and personally paid for and programmed the requisite systems required to make the calls.

**ANSWER:** Denied.

41.    Minsky was also the individual responsible for drafting, setting, implementing, and controlling FundMate's marketing strategy, including the use of illegal calls and text messages and the scripting for such calls and messages, as well as personally sending them.

**ANSWER:** Denied.

42.    The foregoing facts demonstrate that Minsky had direct, personal knowledge of and participation in the conduct and course of conduct complained of which violated the TCPA.

**ANSWER:** Denied.

43.    The calls were all linked to the Defendants by the Defendants' own admission.

**ANSWER:** Denied.

44.    Specifically, on August 19, 2024, the Plaintiff received an unsolicited text message from the caller ID 954-903-0416, from "Hunter Gibson" a "senior qualifications executive at FMC," seeking to sell him loans.

W: fundmatello.com
P : (800) 723 1691

 **FUNDMATE FUNDING APPLICATION**

There are no obligations/Fee s associated with an Approval.

 FundMate

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

45.    "Hunter Gibson" later admitted the FMC was an alias for the Defendants.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

46.    "Hunter Gibson" then sent the Plaintiff a link to a JotForm loan application as well as other text messages in furtherance of attempting to sell the Plaintiff a loan, all without the Plaintiff asking for the same in any way:

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

47.    The calls and text messages continued, including an August 22 call from 385-501-1213, from an agent identifying themselves as calling from FundMate, and during which the

Plaintiff made no indicators of interest. Upon information and belief, this is a Google Voice number registered in Defendant Minsky's name.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

48.    The text messages continued, including two text messages from 754-219-9660 on August 30, 2024, from "Sophie" also soliciting a loan. "Sophie" confirmed that she was texting from FundMate.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

49.    The calls and text messages continued, including as recently as January of this year, meaning that there is a continuous, actual, and imminent risk of future harm to Plaintiff if an injunction stopping this conduct is not issued.

**ANSWER:** Denied.

50.    For example, the Plaintiff received the following messages on October 7, 2024, after this litigation had commenced, noting repeatedly to stop calling:



**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

51.    Indeed, after the October 7, 2024 message, the Plaintiff received another message on October 28, 2024 from the same 954-740-6321 number which identified as "Manny" from "Fundmate capital." Upon information and belief, this message was sent by Defendant Minsky, as the nickname "Manny" is short for "Menachem":



**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

52. The calls and text messages further continued into the New Year, including calls on December 5, December 11, and December 12, 2024, as well as January 6, 2025.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

53. All these calls were of the same ilk, advertising that Defendants, by name were "direct lenders," and offering capital loans and funding, and in some cases sending the aforementioned loan application.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

54. All the calls and text messages were sent to attempt to sell the Plaintiff loans.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

55. Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the law cited speaks for itself. Defendants deny the remaining allegations.

56. The calls were unwanted.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

57. The calls were nonconsensual encounters.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

58.    In fact, as evidenced above, the Plaintiff sued the Defendants, requested that the calls stop, and they did not stop.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

59.    Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

60.    Plaintiff never provided his consent or requested the calls.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

61.    Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendants because their privacy has been violated and he was annoyed and harassed. In addition, the calls occupied Plaintiff's telephone line, storage space, and bandwidth, rendering it unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

**ANSWER:** Denied.

## CLASS ACTION ALLEGATIONS

62.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER:** Defendants incorporate by reference all other paragraphs of this Answer as if fully stated herein.

63.    Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendants encouraging the purchase of their goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

> **Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendants (or a third-party acting on behalf of Defendants) sent (2) two or more telemarketing calls in a 12-month period, (3) which either (a) did not transmit caller identification information that included either CPN or ANI and the Defendants' or telemarketer's name, (b) did not transmit a valid CPN or ANI at all, or (c) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request to Defendants during regular business hours, (4) within the four years prior to the filing of the Complaint.

> **Internal DNC Class:** All persons within the United States to whom: (1) Defendants (or a third-party acting on behalf of Defendants) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendants at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

**ANSWER:** Defendants admit that Plaintiff purports to bring this action on behalf of himself and certain classes pursuant to Rule 23. Except as expressly admitted herein, Defendants deny the allegations in this Paragraph and deny that this case is an appropriate vehicle for a class action.

64.    **Numerosity:** The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and

individual joinder in this case is impracticable. Class members can be easily identified through Defendants' records, or those of their agents.

      **ANSWER:** Defendants deny the allegations in this Paragraph and deny that this case is an appropriate vehicle for a class action.

      65.   **Typicality:** Plaintiff's claims are typical of the claims of other Class members in hat Plaintiff, and Class members, sustained damages arising out of Defendants' telemarketing calls and Class members sustained similar injuries and damages as a result of Defendants' uniform illegal conduct.

      **ANSWER:** Defendants deny the allegations in this Paragraph and deny that this case is an appropriate vehicle for a class action.

      66.   **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendants have no defenses unique to Plaintiff.

      **ANSWER:** Defendants deny the allegations in this Paragraph and deny that this case is an appropriate vehicle for a class action.

      67.   **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

           a.   Whether Defendants obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b.       whether Defendants honored internal Do Not Call requests;

c.       whether Defendants transmitted CPN or ANI and its name in the caller ID information, when provided as an option by their telephone carrier, to Plaintiff and members of the Telemarketing Caller ID Class, and whether such information so transmitted would permit a consumer to lodge an internal Do Not Call request during normal business hours;

d.       Whether Defendants have established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations; AND

68.      Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

**ANSWER:** Defendants deny the allegations in this Paragraph, including all subparts, and deny that this case is an appropriate vehicle for a class action.

69.      **Superiority:** Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members in each class, such that joinder of all members is impracticable.

**ANSWER:** Defendants deny the allegations in this Paragraph and deny that this case is an appropriate vehicle for a class action.

70.      In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies he requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a.      The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants;

b.      The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c.      Defendants have acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

d.      Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ANSWER:** Defendants deny the allegations in this Paragraph, including all subparts, and deny that this case is an appropriate vehicle for a class action.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

71.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference all other paragraphs of this Answer as if fully stated herein.

72.    The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

**ANSWER:** Denied.

73.    Defendants' violations were negligent, willful, or knowing.

**ANSWER:** Denied.

74.    As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

**ANSWER:** Denied.

75.    Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**ANSWER:** Denied.

**SECOND CAUSE OF ACTION**

**Violation of the Telephone Consumer Protection Act
47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1601(e)
(On behalf of Plaintiff and the Telemarketing Caller ID Class)**

76.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** Defendants incorporate by reference all other paragraphs of this Answer as if fully stated herein.

77.     It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

78.     It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

**ANSWER:** These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

79.     Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without proving a CPN or ANI that allowed any individual to make a do-not-call request during regular business hours, as well as by using "spoofed" caller IDs that did not allow consumers to lodge a do-not-call request during regular business hours.

**ANSWER:** Denied.

80.     These violations were willful or knowing.

**ANSWER:** Denied.

81.     As a result of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

**ANSWER:** Denied.

82.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** Denied.

### THIRD CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Internal DNC Class)

83.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER:** Defendants incorporate by reference all other paragraphs of this Answer as if fully stated herein.

84.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

**ANSWER:** Denied.

85.     Because such violations were willful or knowing, the Court should treble the mount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** Denied.

86.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**ANSWER:** Denied.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     Injunctive relief prohibiting Defendants from calling telephone numbers advertising goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B.     Injunctive relief requiring Defendants to transmit compliant caller ID in the future;

C.     Injunctive relief requiring Defendants to honor internal Do Not Call requests in the future;

D.     That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

E.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

F.     Such other relief as the Court deems just and proper.

**ANSWER:** Defendants deny the allegations of Plaintiff's unnumbered "PRAYER FOR RELIEF" section, including each and every allegation in subparagraphs A through F. Defendants further deny that Plaintiff is entitled to class certification, appointment as class representative or counsel, damages, equitable relief, injunctive relief, declaratory relief, pre-and post-judgment interest, fees, costs, or any relief whatsoever.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

**ANSWER:** Defendants admits only that Plaintiff requests a jury trial but deny that any of the allegations set forth in the Complaint allege triable issues against Defendants. To the extent a jury trial is permitted, Defendants request a trial by the maximum number of jurors allowed by law.

## GENERAL DENIAL

Defendants deny all allegations set forth in the Complaint that are not specifically admitted here.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendants do not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE
### (Residential Number)

Plaintiff's claims are barred to the extent his number or putative class members' numbers are not residential.

## THIRD AFFIRMATIVE DEFENSE
### (Prior Express Consent/Prior Invitation or Permission)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part because the calls at issue were sent with the recipients' prior express written permission and/or consent and that consent was either irrevocable or was not effectively revoked.

## FOURTH AFFIRMATIVE DEFENSE
### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy, and Unclean Hands)

Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, fraud, conspiracy, and/or unclean hands. For example, Plaintiff cannot assert claims under the TCPA against Defendants to the extent he or others voluntarily provided telephone numbers for the purpose of receiving calls like the ones referenced in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate their purported damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Knowing or Willful Misconduct)

Any claim for treble damages or penalties is barred because Defendants did not engage in knowing or willful misconduct.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

Defendants did not proximately cause any damages, injuries, or violations alleged in the Complaint.  Instead, to the extent any harm occurred, the acts of third parties (such as vendors, Plaintiff, or other persons who provided the numbers on which Plaintiff allegedly received calls) proximately caused any damages, injuries, or violations at issue, to the extent they occurred at all.

## NINTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Defendants because any harm allegedly caused by the calls at issue (which Defendants deny) is not fairly traceable to any violation allegedly committed by Defendants, and because Plaintiff may not have suffered any Article III harm pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) (particularly with respect to the putative classes he seeks to represent).

## TENTH AFFIRMATIVE DEFENSE
### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendants cannot be held vicariously liable.  Further, Defendants did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct of which the Complaint complains and cannot be held liable for it.  As such, Defendants

cannot be held vicariously liable.  And even if it could, its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law.  For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

## TWELFTH AFFIRMATIVE DEFENSE
### (First Amendment)

The TCPA and the regulations and rules promulgated thereunder violate the First Amendment of the United States Constitution.  For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Due Process)

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Defendants, would violate the Due Process provisions of the United States Constitution.  For example, certain definitions contained in the statute are unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive, severe, and oppressive, particularly to the extent Plaintiff seeks them on a class-wide basis. Thus, both statutes violate Due Process, facially and as applied.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No "Call" and No Call "Made")

Defendants did not "make any call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Lack of Personal Jurisdiction and Improper Venue)**

Plaintiff and the putative class members (if any) are barred from asserting claims in this jurisdiction to the extent the Court lacks personal jurisdiction and to the extent venue is improper, including under *Bristol-Myers Squibb Co. v. Super. Ct. of Calif., San Francisco Cty.*, 582 U.S. 255 (2017).

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Established Business Relationship)**

Any and all TCPA claims brought in the Complaint are barred by an established business relationship with the caller.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(No Charge)**

Plaintiff was not "charged for the call" with respect to the calls at issue in this lawsuit, as that term is used in the TCPA.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Hobbs Act)**

The Hobbs Act cannot validly or constitutionally be applied to preclude Defendants from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Damages Limitation)**

Plaintiff and the putative class members are barred from asserting their claims to the extent that limitations on exclusive remedies and damages set forth in the applicable Terms of Service are applicable to them.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Substantial Compliance with Laws)**

Defendants are not liable to Plaintiff because Defendants acted reasonably and with due

care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Reasonable Practices and Procedures)

Any and all claims brought in the Complaint are barred in whole or in part because Defendants has established and implemented reasonable practices and procedures to prevent violations of the TCPA.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (One Call)

Any and all claims brought in the Complaint are barred in whole or in part to the extent Plaintiff or the putative class members did not receive more than one call within any 12-month period by or on behalf of Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

Any and all claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations (which is denied), any such violation was not intentional and resulted from a *bona fide* error, despite reasonable practices to prevent violations of the TCPA and/or related regulations.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Good Faith)

Any and all claims brought in the Complaint are barred because Defendants possessed a good faith belief that it had consent to call the number at issue.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (FCC Exceeding Delegated Authority)

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (No Immediate Threat of Future Injury)

Plaintiff's request for injunctive relief is barred with respect to any alleged TCPA claims as the alleged violations are not likely to recur.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action. Further, Defendants gives notice that in the event that this Court certifies any class, which Defendants deny would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of any such class.

## TWENTY-EIGTH AFFIRMATIVE DEFENSE
### (No Private Right of Action for 47 C.F.R. § 64.1601(e))

Plaintiff's Second Cause of Action fails as a matter of law because 47 U.S.C. § 227(c)(5) does not create a private right of action for alleged violations of 47 C.F.R. § 64.1601(e). Section 227(c)(5) authorizes private suits only for violations of regulations prescribed under § 227(c) governing do-not-call procedures. The caller identification regulation at 47 C.F.R. § 64.1601(e) was not promulgated pursuant to § 227(c)(5). Accordingly, Plaintiff lacks a statutory basis to pursue 47 C.F.R. § 64.1601(e) claims.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Text Messages Are Not Actionable Under 47 U.S.C. § 227(c))

Plaintiff's claims under 47 U.S.C. § 227(c) fail to the extent they are predicated on text messages rather than telephone calls. The private right of action created by § 227(c)(5) is limited to telephone solicitations made by "telephone call." The statute does not reference or regulate text messages under § 227(c). To the extent Plaintiff or the putative class seek to extend § 227(c)

to text messaging, such claims exceed the statutory text and must be dismissed.

### THIRTIETH AFFIRMATIVE DEFENSE
### (Reservation of Right to Assert Further Defenses)

Defendants have not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action.  Defendants reserve the right to amend its Answer to assert any such defense.

DATED:  February 20, 2026

Respectfully submitted,

*Scott Miller*
_____
Scott E. Miller, Esquire
Miller Legal Services
POB 812
Blue Bell, PA 19422
Tel: (215) 813-9785
Fax: (610) 667-3668
scott@yourlegalbiz.biz

with:

Ryan D. Watstein (*pro hac vice forthcoming*)
Matthew B. Peters (*pro hac vice forthcoming*)
WATSTEIN TEREPKA LLP
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 882-2394
ryan@wtlaw.com
mpeters@wtlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2026, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*Scott Miller*

Scott E. Miller

Type text here