**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
|  | **Civil action No.** _____-CH |
|  | For plaintiff(s) *at the conference*: |
| **v.** |  |
|  | For defendant(s) *at the conference*: |

### REPORT OF RULE 26(F) MEETING

In accordance with Fed. R. Civ. P. 26(f) and Judge Henry's order scheduling an initial pretrial conference, the parties jointly submit this report of their meeting.

Pretrial conference scheduled: 3/30/2026, 1:00 PM, [*in Philadelphia by phone*]
The parties' Rule 26(f) meeting was held: March 25, 2026, [*by video*]

☐ The parties have familiarized themselves with Judge Henry's policies and procedures and the local civil rules.

☐ The parties report that their Rule 26 conference was in-person, by videoconference, or if those were unavailable, by phone, and not principally in writing.

☐ The plaintiff has made a demand in the amount of

The parties request a referral to Magistrate Judge José R. Arteaga for a settlement conference:

☐ Before discovery begins    ☐ After some or all discovery    ☐ Neither

Judge Henry's Rule 16 conference typically consists of only a brief discussion of the parties' desired deadlines and any other pressing matters. It is not necessary for counsel make parties available.

### I.    Recommended deadlines

☐ No expert discovery: The parties recommend 90 days for discovery.

☐ Expert discovery: The parties recommend 90 days for non-expert discovery followed by 30 days for expert discovery, followed by 30 days for rebuttal expert discovery.

☐ The parties recommend 30 days for dispositive motions, followed by 21 days for a response.

1

If not the defaults above, we recommend the following case management deadlines, as relevant:

Amending claims/parties: _____

Fact discovery: _____

Affirmative expert discovery: _____

Rebuttal expert discovery: _____

Expert depositions: _____

Dispositive motions: _____

Additional scheduling notes, case management requests, or reasons for elongated timelines:

## II.   Summary of claims and defenses

Plaintiff requests:  ☐ Jury trial   ☐ Arbitration   ☐ Mediation
☐ Trial before Judge Henry   ☐ Trial before Magistrate Judge Arteaga

Defendant requests ☐ Jury trial   ☐ Arbitration   ☐ Mediation
☐ Trial before Judge Henry   ☐ Trial before Magistrate Judge Arteaga

*If the operative complaint (with attachments) is shorter than 20 pages, no summary of the claims is needed. Otherwise, provide a short summary of the claims and defenses.*

## III.  Anticipated motions and other litigation

*Note any further anticipated litigation besides motions for summary judgment or straight-forward motions* in limine *that can be ruled upon at a final pretrial conference.*

## IV.  <u>**Additional issues and trial readiness**</u>

*So that Judge Henry may set a final pretrial conference and trial date, include periods of unavailability for trial during the period 3–9 months after the proposed date for dispositive motions.*

Signed,

See additional pages

**<u>Parties' Positions on Scheduling, Phased Discovery, and Anticipated Motions</u>**

**I.   Recommended deadlines**

<u>Plaintiff's Position:</u>

Expert discovery: 180 days for all discovery, including class and expert discovery, inclusive. Plaintiff also notes, in accordance with the below, that, even if the case is bifurcated, expert analysis will be required into the Defendant's class calling records to ascertain which, if any, numbers that Defendant called that are on the Do Not Call Registry are associated with businesses.

- Amending claims/parties: 06/26/2026
- Fact discovery: 9/25/2026
- Affirmative expert discovery: 9/25/2026
- Rebuttal expert discovery: 9/25/2026
- Expert depositions: 9/25/2026
- Dispositive motions: 11/20/2026

<u>Defendants' Position:</u>

No expert discovery. Defendants propose 90 days of fact discovery, followed by 30 days for dispositive motions, and 21 days for a response.

This is a TCPA class action arising from alleged violations of the National Do Not Call Registry provisions. For the reasons outlined below in § II, no class can be certified in this case because whether FundMate—which communicates with businesses only—called a "residential" number by mistake is an inherently individualized inquiry. Defendants thus anticipate filing an early motion to deny class certification under Fed. R. Civ. P. 23(d) (*see* § II) and, in light of that threshold issue, do not believe extensive class or expert discovery is proportional to the needs of the case at this stage. Likewise, if limited individual discovery establishes that Plaintiff used the number at issue for business purposes, Defendants will also immediately move for summary judgment on Plaintiff's individual claims. Defendants do not seek any sort of discovery limitation at this point, but reserve the right to seek relief from overbroad or disproportionate discovery requests as appropriate in light of these straightforward threshold issues.

## II.    Anticipated motions and other litigation

<u>Plaintiff's Position:</u>

Plaintiff proposes that the summary judgment deadline be the same deadline as a motion for class certification. Additionally, it is Plaintiff's position that, should Defendant desire bifurcation, Defendant should file an appropriate motion.

Contrary to Defendant's assertions, a Court in this Circuit has refused to strike TCPA class action claims in cases involving claims that calls were made to some business numbers allegedly improperly on the Do Not Call Registry. *Jackson v. Direct Bldg. Supplies LLC*, No. 4:23-CV-01569, 2024 WL 184449, at *4-*6 (M.D. Pa. Jan. 17, 2024). The *Jackson* court addresses the authorities Defendant cites, including *Shelton*, and further opined, consistently with the Fourth Circuit, that cell phone numbers on the Do Not Call Registry are presumptively residential. *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 657 (4th Cir. 2019). Other Courts have similarly held. *Newman v. SGMS, Inc.*, No. 3:25-CV-00042-KDB-SCR, 2025 WL 2524131, at *2 (W.D.N.C. Sept. 2, 2025) (denying motion to dismiss); *Boger v. Citrix Sys., Inc.*, No. 8:19-CV-01234-PX, 2020 WL 1033566, at *4 (D. Md. Mar. 3, 2020) (denying motion to strike).

Discovery in this matter should not be phased or bifurcated. The Plaintiff opposes any bifurcated discovery. Bifurcation of discovery is often "counterproductive." MANUAL FOR COMPLEX LITIGATION (FOURTH) ("MCL 4th") § 21.15 (2015).  That is readily apparent here. As Judge McHugh has noted, "determining whether a phone number qualifies as residential is a fact-specific, case-by-case inquiry." *Newell v. JR Cap., LLC*, 791 F. Supp. 3d 571, 574 n.1 (E.D. Pa. 2025). And that inquiry is very often intertwined with other dispositive facts of the case, particularly those necessary in demonstrating the appropriateness or inappropriateness of class certification. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). To begin, the proposed bifurcation almost guarantees that the parties will need to duplicate their work and the Defendant can pursue its chosen defense to the class claim, whether or not the class consists of residential numbers properly on the Do Not Call Registry, through discovery while denying the Plaintiff the opportunity to adduce additional discovery into the affirmative elements of the class claims on which Plaintiff bears the burden. The inevitable disputes about what qualifies as class discovery on that issue vs class discovery issues on other issues is thus a second reason to deny the request for bifurcation.

2

Defendant contends that bifurcated discovery is more efficient because the parties can avoid unnecessary discovery into other issues if it is shown that Defendant contacted numbers only in the business-to-business context. But the TCPA does not distinguish between the purposes of a telephone solicitation; business numbers are only (arguably) precluded from registration on the Do Not Call Registry. And, to the extent that Defendant's class calling records will demonstrate the propriety (or impropriety) of the numbers' that were called DNC registration, that question is just as intensive, if not more so, than the records of who all Defendant called as an initial matter. Defendant essentially asks this Court to apply a rule that applies only in the exceptional case to a run-of-the-mill class action. Defendant's arguments are certain to be true of any class action lawsuit: if the lead plaintiff's claims do not have merit or the class cannot otherwise be certified, the class action disappears, and the defendant saves time and money by not having to litigate the rest of the case. Defendant has not pointed to any facts that make this case exceptional. Although Defendant takes issue with some of Plaintiff's legal allegations, its contention that a particular defense should apply is itself a question to be resolved in discovery and not for the Court's summary decision on a discovery motion.

Indeed, faced with a similar motion, another federal court judge denied a bifurcation request in another TCPA case:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in *Walmart v Dukes* has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023). Courts in this circuit have similarly held, particularly when the individual and class claims (or defenses) overlap, as here. *Friel v. Line 5, LLC*, No. 3:24CV1866, 2025 WL 2422617, at *8 (M.D. Pa. Aug. 21, 2025) ("Line5 has not otherwise demonstrated why Friel's specific TCPA claims would be any different from the claims of the putative class members. The court thus sees no reason to bifurcate, trifurcate, or otherwise order that discovery be conducted in phases at this time."); *MacLean v. Wipro Ltd.*, No. CV2003414GCJBD, 2023 WL 3742832, at *4 (D.N.J. May 31, 2023) ("pre-certification discovery should be "sufficiently broad" to allow a thorough

3

examination of the factual and legal allegations pertaining to class certification"); *Wesley v. Samsung Elecs. Am., Inc.*, No. CV 20-18629-JMV-AME, 2022 WL 2870200, at *3 (D.N.J. July 21, 2022) ("The efficiency gains are dubious, particularly in light of the difficulty in parsing class and merits discovery. Worse, the phased discovery proposed by SEA hampers Plaintiffs from adequately gathering the facts they need to prosecute their individual claims, oppose any motion for summary judgment, and attempt to meet their Rule 23 burden for class certification. Accordingly, the Court finds that bifurcating discovery would not further judicial economy and would result in prejudice to Plaintiffs.").

There is also real risk that the requested bifurcation will prejudice Plaintiff through the loss of evidence held by third parties, such as any third-party vendors involved in the Defendant's calls. The risk to the putative class members' interests is not merely hypothetical. Multiple decisions have turned on the destruction of telephone records. For example, in *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification in a TCPA fax case because "critical information regarding the identity of those who received the facsimile transmissions" was not available. Likewise, in *Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment where Mr. Pasco was unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue." As a result, courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues implicating non-parties in TCPA cases. *See e.g. Abramson v. All American Power and Gas PA, LLC*, Civil Action No. 2:20-cv-1173 (W.D. Pa. September 9, 2020); *Cooley v. Freedom Forever LLC et. al.*, Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). This is particularly the case here, where Defendants were evasive about service and were on the precipice of a default. Here, Plaintiff is simply seeking to proceed in the ordinary course with discovery.

In any event, the Plaintiff respectfully observes that, should the Court be inclined to grant bifurcation, it should do so after the parties have had an opportunity to fully brief the issue, and not in the context of a Rule 26(f) report.

4

Defendants' Position:

As noted above, Defendants anticipate filing an early motion to deny class certification under Fed. R. Civ. P. 23(d). FundMate is a business-to-business funding company, so it only contacts business telephone numbers. The TCPA's DNC rules do not apply to such communications, only to telephone calls to *residential* subscribers who list their numbers on the national DNC registry. *See, e.g., Shelton v. Target Advance LLC*, 2019 WL 1641353, at *6 (E.D. Pa. 2019) ("The Phone Number is also for business use, and business numbers are not permitted to be registered on the National Do Not Call Registry."); *Mattson v. New Penn Fin., LLC*, 2020 WL 6270907, at *1 (D. Or. Oct. 25, 2020) ("The TCPA does not apply to business telephone numbers."). Determining whether any of the business numbers Defendants contacted qualifies as "residential" for the purposes of the TCPA's DNC provisions would require a detailed analysis of several fact-intensive factors. *See Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1225 (9th Cir. 2022) (identifying five non-exclusive factors relevant to determining whether a number is residential or business, such as how the user uses the number, whether they hold it out to the world as associated with a business, whether a business pays or reimburses for it, etc.). That makes certification impossible under these facts. For a TCPA damages class to be certified under Rule 23(b), the plaintiff must prove that issues of liability can be resolved with common proof. Here, however, liability turns on a threshold and highly individualized issue: whether each number Defendant contacted was residential or used for business. That question cannot be resolved by common proof at trial, as courts have held in similar business-to-business cases. *See Payne v. Sieva Networks, Inc.*, 347 F.R.D. 224, 226–27 (N.D. Cal. 2024) (denying class certification at the outset on defendant's affirmative motion where determining the residential status of each phone number required individualized, fact-intensive inquiries that could not be resolved with common proof).

5